# Verner, Admr. v. Alabama Great Southern Railroad Co.

*Action by Administrator to recover Damages for Alleged Negligent killing of his Intestate.*

1. *Action for negligence; when complaint contains but one count.*—When in an action to recover damages for alleged negligence, the plaintiff, after stating in his complaint the amount of damages claimed, alleges therein the facts and circumstances under which the injury complained of arose, and then avers several different causes of action against the defendant, such complaint contains but one count, although each of the causes of action so averred is sufficient to sustain a separate count and would justify a recovery thereon.

2. *Same; misjoinder of causes of action.*—In an action to recover damages for injuries alleged to have been sustained by reason of defendant's negligence, a complaint which joins in the same count a charge of willful injury and simple negligence, is demurrable for misjoinder of causes of action.

3. *Walking on railroad track; trespass, although person wrongfully ejected from train.*—Although a person is wrongfully ejected from the train of a railroad company, he has no right to travel on foot on the railroad track, if there was any other safe and convenient route from the place of ejectment; and by so doing he becomes a trespasser.

4. *Same; when railroad company liable for injury to such person.*—A railroad company is under no duty to be on the outlook for trespassers on its track; and it is not liable for injuries to a person walking along its track, unless its agents were guilty of willful wrong, or of such wanton negligence as to be its equivalent.

[Verner, Admr. v. Alabama Great Southern Railroad Co.]

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. SAMUEL H. SPROTT.

This was an action brought on May 2, 1892, by the appellant, C. B. Verner, as the administrator of the estate of Samuel D. Winter, deceased, against the Alabama Great Southern Railroad Co. The complaint filed in the cause was as follows : "The plaintiff claims of the defendant the sum of twenty thousand ($20,000.00) dollars as damages for the wrongs and injuries done by it hereinafter complained of : For that, whereas, heretofore, to-wit, on or about the 24th day of September, 1892, the defendant was owning and operating a railroad from Meridian, Mississippi, to Chattanooga, Tennessee, which railroad passed through the county of Tuscaloosa in the State of Alabama, and the plaintiff avers that at the time the aforesaid plaintiff's intestate was walking and travelling on defendant's said railroad at·a point about four miles north of the Tuscaloosa depot on said defendant's road, at a point on said railaoad near what is known as Box Spring, in said county, as he had a right to do, and that while being on said railroad track at the time and place aforesaid, the said defendant so negligently, carelessly, willfully, recklessly and maliciously run one of its said trains and locomotives on, over and against plaintiff's said intestate, and by reason of the bruises, hurts and wounds thereby caused, plaintiff's said intestate was so injured by the said wrongful act of the defendant that he died from the effect of the said wounds and injuries received by him aforesaid, on to-wit, the day and year aforesaid.

"The plaintiff avers that the agents of defendant, who were operating the said locomotive and train of defendant, saw plaintiff's intestate on the said track at the said time and place aforesaid, in due time to have prevented the injuries to plaintiff's intestate complained of, if the said agents of defendant running and operating the said locomotive and train had used and exercised even reasonable diligence and prudence in operating the said locomotive and train, but that instead of using and exercising diligence to prevent said injuries to plaintiff's intestate, they, knowing that plaintiff's intestate was on said track, failed to blow the whistle or ring the bell, or to give any other warning to the plaintiff's intestate of the said approaching train, but knowingly and willfully al-

[Verner, Admr. v. Alabama Great Southern Railroad Co.]

lowed him to remain on said track without being warned of the approaching train as aforesaid, and knowingly and willfully and maliciously and recklessly run said train on and against plaintiff's intestate, as aforesaid, and without ever giving, or attempting to give, any warning to him as aforesaid, and without attempting to stop or check the speed of the train so as to prevent striking and killing plaintiff's intestate; that if the said agents of defendant operating said train had used even due diligence, after they discovered plaintiff's intestate on the track aforesaid, or after they ought to have discovered him, they could have warned him of the approaching train and allowed him to escape unhurt, or could have checked or stopped said locomotive and train before striking said intestate; that the train was moving up grade at the time and place of the injuries aforesaid and could have been easily stopped had the defendant used reasonable diligence and care which it owed plaintiff's intestate.

"'Plaintiff avers that at the time and place of said injuries, said defendant was running its train at a reckless speed and without proper and sufficient headlights on said engine, and said plaintiff further avers that the said defendant, utterly disregarding its duty to the said plaintiffs's intestate at the time and place aforesaid, in that it then and there so negligently, carelessly, willfully and maliciously operated and worked its said locomotive and train of cars with defective headlights as aforesaid, and so negligently, carelessly and recklessly conducted itself in and about the premises that by reason thereof, run their said locomotive and train on and against the plaintiff's intestate with great force and violence, and by reason of said bruises, hurts and wounds thereby caused to him by the said defendant, he died on, to-wit, the day and year aforesaid.

"'Plaintiff further avers that on or about the 24th day of September, 1892, his intestate, Samuel D. Winter, boarded one of the defendant's trains at Coaling station, one of the defendant's depots in the county of Tuscaloosa, to come to Tuscaloosa, another depot of defendant in said county, for the purpose of coming to Tuscaloosa and returning to Coaling on the same day as a passenger on defendant's said train, he having purchased a round trip ticket, which entitled him to be carried said journey as

aforesaid by the defendant, which was then engaged in
the business of a common carrier, for the purpose of trans-
porting freight and passengers over its said line of road,
and for said purpose it was operating a system of rail-
roads between Chattanooga, Tennessee, and Meridian,
Mississippi, and that its said road passed through the
county of Tuscaloosa, and the State of Alabama, and be-
tween the said points, Tuscaloosa and Coaling, a dis-
tance of fifteen (15) miles, over which portion of said
road it had contracted to carry plaintiff's intestate and
return as aforesaid ; that plaintiff's intestate came to
Tuscaloosa on defendant's train on the day aforesaid, and
as a passenger on said train ; late in the afternoon on
said day, plaintiff's intestate, having finished his busi-
ness in the city of Tuscaloosa, boarded one of the defen-
dant's trains at the depot at Tuscaloosa as a passenger
on said train, and having a ticket or contract from the
defendant to carry him back to Coaling ; that plaintiff's
intestate was carried on said train a distance of two miles
to a point on defendant's road known as the Gravel Pit,
that there the defendant stopped said train, and failed
and refused to carry plaintiff's intestate on to Coaling as
it had agreed to do, but left him there without any means
of transportation, and at a strange and unknown place
to plaintiff's intestate, there being no inhabitants or per-
sons at said place, except the defendant's agents in
charge of said train, there being not even a road or high-
way leading to or from said Gravel Pit, except the defen-
dant's railroad, and that defendant refusing to carry him
further on his journey, plaintiff's intestate was compelled
by the said wrongful acts of defendant to attempt to com-
plete his journey on foot, he being put off of said train
as aforesaid at a strange, unfrequented. and deserted
place as aforesaid, he set out to walk to the next station,
to-wit, Cottondale, he was overtaken by one of the de-
fendant's said trains, which train came up behind him
without giving him any warning or notice of its approach,
and without his knowledge the said engine and train of
defendant suddenly run against him and struck the per-
son of said intestate, and was then and there killed by
the careless, negligent, willful and reckless act and con-
duct of the defendant, and its agents and employés op-
erating said railroad ; that at the point where intestate
was killed by the said defendant's train as aforesaid,

37  .

said road was perfectly straight for the distance of one mile or more and was on a steep up, or ascending, grade, in the direction in which the said train and intestate were travelling, and that the plaintiff's intestate was, or could have been, seen for a distance of a mile or more by the defendant's employés in charge of said train, and the plaintiff avers that the defendant, after discovering the perilous condition of plaintiff's intestate, or after they ought to have discovered it, by exercising reasonable diligence, they could have notified or warned him of his danger and allowed him to escape unhurt, or could have stopped said train before striking the said intestate, but that the defendant negligently, knowingly and willfully omitted and refused to warn the plaintiff's intestate of the said approaching train, or to stop or attempt to stop or check said train before striking plaintiff's intestate, but that they carelessly, willfully and recklessly run said train on and against said intestate, then and there killing intestate as aforesaid ; for which said wrongful act of the defendant as aforesaid, the plaintiff claims of it the sum of twenty thousand ($20,000.00)· dollars, as damages for killing his intestate as aforesaid ; that by reason of the premises a cause of action has accrued to the plaintiff against the defendant, wherefore he brings this suit.'' The defendant demurred to this complaint upon the following grounds : (1.) Said complaint combines in one count two separate and distinct causes of action, in this, that it claims damages on account of the defendant negligently, carelessly, willfully, recklessly and maliciously killing the deceased, and also claims damages for that the defendant had some contract of carriage with the deceased, which the defendant failed to carry out, having put the deceased off its cars at the Gravel Pit.

(2.)  Said complaint shows that the deceased was a trespasser on the track of the defendant, yet claims damages on the ground that the servants of the defendant were guilty of negligence in not exercising reasonable diligence in discovering the deceased on the track.

(3.)  Said complaint seeks in the same count to recover against this defendant for a reckless and malicious act and for damages arising from the negligence of its servants.

(4.)  Said complaint shows that the deceased was a trespasser on the track of the defendant, yet seeks to re-

cover against this defendant for acts of simple negligence on the part of its servants.

. (5.)   Said complaint is repugnant in this : it alleges that the engineer of the train, or the  servants  of  the defendant, saw the deceased on the track of  the defendant in time to have warned him, and  ran over him  without warning, and at the same time alleges that the injury to the deceased was caused by negligently, carelessly, willfully and maliciously operating an  engine with a defective headlight."

The court sustained this demurrer of the defendant, and the plaintiff declining to plead further, judgment was rendered for the defendant. The plaintiff now brings this appeal, and assigns as error the ruling of the trial court upon the demurrer.

JONES & MAYFIELD, for appellant.—1.   A count is not demurrable which avers that plaintiff was on the track at the instance and request of defendant, and  contains a general averment that the defendant negligently and carelessly injured plaintiff.—*Mobile & Ohio R. R. Co. v. George*, 94 Ala. 199.

2.   On demurrer, no defects will be considered except those specially and particularly assigned.—*Pensacola R. R. Co. Schaffer*, 76 Ala. 238 ; *Lakeside Land Co. v. Dromgoole*, 89 Ala. 505.   It is not necessary to allege the special capacity in which plaintiff was on the track.—*M. & B. Railway  Co. v. Holborn*, 84 Ala. 133; *M. & C. R. R. Co. v. Hembree*, 84 Ala.  186 ; *A. G. S. R. R. Co. v. Yarbrough*, 83 Ala. 241.   Railroads must use ordinary care even toward trespassers.—*Troy v. Cape Fear &c. R. R. Co.*, 6 Amer. St. Rep. 521.

3.   Each count of the complaint constituted a good cause of action.   While possibly it avers some matter cumulative, or may be redundant in some respects, it was prepared for the purpose of anticipating the defense of contributory negligence. Some of it might be stricken out as surplusage, but there was no objection on this ground, and the demurrers should have been overruled. *Kennon v. W. U. T. Co.*, 92 Ala. 399 ; *L. & N. R. R. Co. v. Hull*, 91 Ala. 112 ; *Street R. R. Co. v. Hanlon*, 53 Ala. 70 ; *Montg. Manfg. Co. v. Thomas*, 20  Ala. 473 ; *Perry v. Marsh*, 5 Ala. 659.

A. G. SMITH, *contra.*—1. The  complaint in this case

shows that the deceased was a trespasser on the track of the railroad.—*Sav. & West. R. R. Co. v. Meadors*, 95 Ala. 137 ; *M. & C. R. R. Co. v. Glass*, 94 Ala. 581 ; *M. & C. R.. R. Co. v. Womack*, 84 Ala. 149 ; *Brown v. Scarboro*, 97 Ala. 316.

2. There can be no question that the deceased was a trespasser, and being a trespasser, the defendant owed him no duty, except to avoid injuring him after his presence was discovered.—*Montgomery v. A. G. S. R. R. Co.*, 97 Ala. 305 ; *L. & N. R. R. Co. v. Hairston*, 97 Ala. 351 ; *Birmingham Mineral R. R. Co. v. Jacobs*, 92 Ala. 187; *Ga. Pac. Railway Co. v. Lee*, 92 Ala. 262 ; *R. & D. R. R. Co. v. Vance*, 93 Ala. 144; *L. & N. R. R. Co. v. Trammell*, 93 Ala. 350 ; *Cen. R. R. & B. Co. v. Vaughn*, 93 Ala. 209; *M. & C. R. R. Co. v. Womack*, 84 Ala. 149.

3. Nothing short of actual knowledge on the part of the engineer of the situation, and a neglect on his part to do all he could have done to prevent the injury, will constitute, in this case, willful or wanton negligence.—*Ga. Pac. Railway Co. v. Lee*, 92 Ala. 262 ; *Cen. R. R. & B. Co. v. Vanghan*, 93 Ala. 209 ; *Glass v. M. & C. R. R. Co.*, 94 Ala 581 ; *Ga. Pac. Railway Co. v. Ross*, 100 Ala. 490.

COLEMAN, J.—The action was brought to recover damages for personal injuries inflicted upon plaintiff's intestate, which caused his death. The court sustained a demurrer to the complaint, and upon plaintiff's refusing to amend or plead further, rendered judgment for the defendant. The appeal is prosecuted from the ruling of the court sustaining the demurrer. The appellant contends there are two counts in the complaint. The pleadings indicate that at the hearing, it was considered as containing but one count ; and we are of opinion this was the correct view. After placing the amount of damages claimed at twenty thousand dollars the remainder of the complaint consists in statements of facts and circumstances under which the injury arose, and the several averments of different causes of action against the defendant. Whether regarded as containing one count or two counts, the complaint is defective and subject to demurrer. To divide the complaint into two counts, as claimed by appellant, then each count contains averments of willful injury, and of simple negligence. In the first, it is averred, that the agents of the defendant, operating

[Verner, Admr. v. Alabama Great Southern Railroad Co.]

the train "saw" deceased on the track in time to have stopped the train, and "knowingly and willfully and maliciously run said train on plaintiff's said intestate." In the same count it is averred that defendant's agents failed to use "due diligence after they discovered plaintiff's intestate on the track, *or after they ought to have* discovered him." In the same count it is averred that the defendants were negligent in "running the train at a reckless rate of speed without proper and sufficient headlights on said engine," and such negligence was the cause of the injury. We have stated sufficient from the first count to show that the plaintiff has joined in the same count, a charge of willful injury and simple negligence.

We will now consider the remainder of the complaint, which, according to the appellant's contention, constitutes a second count. It shows that plaintiff's intestate was a trespasser on defendant's track. Although wrongfully ejected from the car, this wrong did not give plaintiff's intestate the right to use the road for travel. One trespass can never justify another. If the plaintiff had showed, that after being ejected from the car there was no safe and convenient route from the point of his ejection, except to walk on the track, the deceased would have been excusable for using it until he reached a point where he could leave the track. The proposition asserted in the complaint, and insisted on in the brief, is, because deceased was ejected from the car, this gave him the right to pursue his journey to the next station on the track. The proposition is wholly untenable. By his own showing, plaintiff's intestate was a trespasser at the time of his injury. This complaint then avers that the train came up behind him, without warning, and ran over him "after discovering the perilous position of plaintiff's intestate, *or after they ought to have discovered it by the exercise of reasonable diligence.*"

The defendant owed no duty to be on the lookout for plaintiff's intestate at the time and place he was injured. Unless defendant's agents were guilty of willful wrong, or such wanton negligence as to be its equivalent, plaintiff could not recover under the averments of the second count.

Considering the complaint as containing but one count, the criticisms placed upon it are more apparent.

The questions presented by the demurrer are fully discussed in case of *L. & N. R. R. v. Markee, ante,* p. 160.

Affirmed.