Case 46.—ACTION BY A. M. COX AGAINST THE CITY OF CYNTHIANA FOR DAMAGES FOR BEING DEPRIVED OF A WATER SUPPLY. Sept. 26.

### Cox v. City of Cynthiana.

|  |  |
|---|---|
| 123 | 363 |
| e128 | 343 |

Appeal from Harrison Circuit Court.

L. P. FRYER, Circuit Judge.

Judgment for Defendant. Plaintiff appeals. Affirmed.

City Waterworks—Ordinance—Failure to Pay Water Tax—Supply by Single Tap—Owner of Premises—Payment by One Tenant—Failure of Others—Shutting off Supply—Reasonable Regulation—An ordinance of a city which owns the waterworks, providing that "when water shall be supplied to one or more

Cox v. City of Cynthiana.

parties through a single tap, the bill for the whole supply furnished through such tap will be made to the owner of the estate, and in case of non-payment the water will be shut off" is not invalid as being an unreasonable regulation against a tenant of a rear room, who has paid his tax to the landlord and the landlord and front tenants have not paid to the city.

M. C. SWINFORD, A. M. COX, W. S. CASSON and JOE FENNELL for appellant.

## POINTS AND AUTHORITIES.

1. Statutory authority for water works in 4th class cities:— sub-secs. 8 & 33 of sec. 3490, Ky. Statute.

2. Unreasonable Ordinances, (Dillons Municipal Corporations, secs. 319 & 320; Stein v. McArdle & Waters, 24 Ala., 344; Merrimac River Savings Bank v. City of Lowell, 26 N. E. R., 97; Wm. A. Turner v. Revere Water Co., 40 L. R. A., 657.)

3. Unjust Discrimination, (Simrall v. City of Covington, 90 Ky., 444; Williams v. Maysville Telephone Co., 26 K. L. R., 945.)

4. Peremptory Instruction Should Not be Given Where There is any Evidence at all Conducing to Establish Plaintiff's Claim, (Endicutt v. Tri-State Nat. Gas & Oil Co., 25 R., 863; L. & N. R. R. v. Howard, 82 Ky., 212; Shelby v. C. N. O. & T. P. R. R. Co., 89 Ky., 224; Eskinge v. C. N. O. & T. P. R. R. Co., 89 Ky., 367; Board v. C. & O. R. R., 25 Ky., 1079, 25 K. L. R., 811.)

CHESTER M. JEWETT attorney for appellee.

## POINTS AND AUTHORITIES.

1. Are sections 15, 16 and 22 of the city ordinance reasonable provisions? If so, peremptory instruction was properly given.

2. The acceptance of the water rent from appellant by the superintendent of water works, providing that the other tenants of the same building, or the owner thereof, pay all arrears due from said building not later than July 15, was such a conditional acceptance that did not waive any rights of appellee to shut off the water supply from said building on July 16, 1904.

3. The testimony as disclosed in the record herein, certainly supports the contention of appellee, relative to any question of fact.

## AUTHORITIES.

(Ordinances City of Cynthiana, sec. 15, 16 & 22; McQuillan on Mun. Corp., sec. 181, 185 & 186; Kelsey v. Board of Fire &

Water Comrs. of Marquette, 37 L. R. A., 675; City of Louisville v. Ronpe, 6 B. Mon., 591; Atlanta v. Burton, [1903], 90 Ga., 486, [16 S. E. 214].)

OPINION BY JUDGE O'REAR—Affirming.

The city of Cynthiana owns and operates for the benefit of its inhabitants a waterworks plant. Power is conferred by the statute on the city to provide water by erecting and maintaining its own waterworks, to make all necessary contracts with any person or corporation for those purposes, and to make by-laws and ordinances to carry into effect all the power granted to it. In pursuance thereof, the city adopted the following by-laws, regulating the business of furnishing water to its inhabitants:

"Sec. 15. When water shall be supplied to one or more parties through a single tap, the bill for the whole supply furnished through such tap will be made to the owner of the estate. In case of nonpayment the water will be shut off; notwithstanding one or more parties may have paid their proportion to such owner or to any other party."

"Sec. 22. Whenever water has been turned off for the nonpayment of rent, or for purpose of repair, or construction, or for any other necessary or proper reason, no person is permitted to turn it on again who is not duly authorized so to do by the city. And when turned off for the nonpayment of rent, it shall not be turned on again until the party in default shall pay all water rent due and an additional sum of $2.00.

"Sec. 43. The city reserves the right to shut off the water without notice, if bills remain unpaid 15 days after they become due, and to charge an additional 10% of the annual rate to all consumers not making application and paying for same by the 15th of January, and the 15th of July of each year."

Appellant was a tenant in a building owned by another, there being another tenant on the second

floor beside appellant, and two tenants occupying the
first floor of the building. Appellant occupied a rear
room in the second story as a law office. The building
was supplied with water through a single tap, con-
nected with the main upon the street. One or more of
the tenants were in arrears for as much as a year in
their water rates. Appellant offered to pay and did
pay the rate assessed against him for the use of the
water in his room. The other tenants and the land-
lord failing to pay the bills assessed against him,
appellee cut off the supply of water from the building,
and returned or offered to return to appellant the sum
he had paid for the term contracted. Appellant
brought this suit to recover damages which he alleges
he sustained by reason of being deprived of the water
supply. Upon a trial the court peremptorily instruct-
ed the jury to find for appellee, under the foregoing
facts.

The principal contention of the appellant on this
appeal is that the ordinances above quoted are
invalid because unreasonable. He argues that the
water plant belongs to the city for the use of its inhab-
itants and taxpayers; that each inhabitant is entitled
upon tendering the rate fixed in the schedule of pub-
lished rates by the city to have supplied to him the
water called for without regard to whether other
occupants of the same premises which he occupies,
complied with the conditions imposed by the city; that
as the business of the city is to furnish water to its
inhabitants, and to furnish water to all alike upon
their paying for it, it would be an unreasonable and
unjust regulation to make the right of one depend
upon whether another had failed to pay his, the
latter's bill. It must be borne in mind that the city
owns the waterworks plant, including the mains along
its streets and highways. The pipes in the buildings
and upon the private premises of citizens belong to

the latter, and are under their control. The city would have no right to connect its water mains with the pipes upon or within private property without the consent of the owners of the latter. Appellant's landlord who owned the lot and premises partly occupied by him, had provided only a single tap for that building. In order to supply appellant, it would be necessary for the water to pass through the pipes which were also used by the other tenants, and which would have permitted them to have used the water therefrom without paying for it, or complying with the city's regulations as to payment in advance. The court is of opinion that under these circumstances it was not an unreasonable regulation for the city to require that where the building is supplied through a single tap, that all of the water that passed through that tap into that building should be paid for as a condition precedent to supplying water to any of its occupants.

This does not require one person to pay for the water furnished to another as is argued by appellant. If appellant or the owner of the property had provided by a separate tap and piping so that his room might be supplied independently of the others, then the question that he raises would be presented if the city still refused to supply him with water through that tap unless all other occupants of the same building also paid their rates. The right reserved by the city by section 43 quoted above, to shut off the water without notice if bills remained unpaid 15 days after they became due, is an additional remedy to the city to secure the collection of its water bills. It is not in conflict with the other sections quoted. Section 15 set out above, however, reserved to the city the right to cut off the water without notice when the landlord or the other tenants refused to pay any part of the rates assessed for the water passing into the building through the single tap.

It is not deemed material by the court whether the city offered to the other tenants of the building a printed or written contract or application provided in its scheme of furnishing water to the inhabitants. It is not shown that the landlord or other tenants asked for such a contract, nor does it appear that the failure to offer them such a contract otherwise than through the ordinances of the city is material to this case. The trouble is not that the city has failed to call upon the landlord or the other tenants and request them to take their part of the water, or to pay for the same, but it is that they have failed to pay for what they have got, and are still in arrears, and that it would be impossible under the arrangement provided by the landlord in the piping of the building to supply appellant without having to give away to other occupants of the building water to which they were not entitled, whether with or without the written application.

Judgment affirmed.