(82 South. 115)

### ALABAMA WATER CO. v. BARNES.
### (6 Div. 893.)

(Supreme Court of Alabama.    April 24, 1919.
Rehearing Denied May 22, 1919.)

1. WATERS AND WATER COURSES ⬗⟳205 —
PUBLIC WATER SUPPLY—LIABILITY OF WA-
TER COMPANY—BREACH OF CONTRACT.

A water company, engaged in furnishing wa-
ter for reward to the public of a city, which,
after plaintiff had duly paid its charges for
three months, breached its contract by shutting
off the water from plaintiff's residence, was lia-
ble in damages.

2. WATERS AND WATER COURSES ⬗⟳209 —
PUBLIC WATER SUPPLY—WRONGFUL SHUT-
TING OFF—DAMAGES.

In an action against a public water com-
pany for wrongfully shutting off water, the in-
convenience and annoyance of being deprived
of a water supply on the premises formed an
item of recoverable damages in connection with
proof of pecuniary loss.

3. WATERS AND WATER COURSES ⬗⟳209 —
PUBLIC WATER SUPPLY—WRONGFUL SHUT-
TING OFF—EVIDENCE.

In an action against a water company for
breach of its contract to supply plaintiff's resi-
dence, evidence that after his water was shut
off plaintiff procured water from a well a block
and a half from his residence, showing how
many buckets, or the number of trips he was
required to make, was admissible.

4. TRIAL ⬗⟳62(2)—RECEPTION OF EVIDENCE
—REBUTTAL.

In an action against a water company for
breach of its contract to supply plaintiff's
residence, testimony of plaintiff's wife in regard
to what was said when a witness and employé
of the company came to plaintiff's house held
admissible as in rebuttal of what the witness
had testified.

5. WATERS AND WATER COURSES ⬗⟳209 —
PUBLIC WATER SUPPLY—WRONGFUL CUT-
TING OFF—INSTRUCTIONS.

In an action against a water company for
breach of its contract to supply plaintiff's resi-
dence, charges requested by the company that
the words used in the complaint "wrongfully
cut the water off" meant more than the mere
cutting off of the water, that it was cut off in
a wrongful manner, unjustly, contrary to moral
law, held properly refused.

6. TRIAL ⬗⟳260(1) — INSTRUCTIONS — REP-
ETITION.

Requested charges containing, in substance,
the matter of given charges or the oral charge
were properly refused.

7. WATERS AND WATER COURSES ⬗⟳209 —
PUBLIC WATER SUPPLY—WRONGFUL CUT-
TING OFF—EXCESSIVE VERDICT.

In an action against a water company for
breach of its contract to supply plaintiff's resi-
dence, compensatory damages only being sought,
and there being no proof of aggravating cir-
cumstances, verdict for $350, plaintiff only
having been forced to go to a well some dis-

tance away for water for a few days, will be
reduced, in the discretion of the court under
Acts 1915, p. 610, as excessive by $150.

Appeal from Circuit Court, Jefferson
County; J. C. B. Gwin, Judge.

Action by M. A. Barnes against the Ala-
bama Water Company. From judgment for
plaintiff, defendant appeals.    Transferred
from Court of Appeals under section 6, Acts
1911, p. 449.   Corrected and affirmed.

Huey & Welsh, of Bessemer, for appel-
lants.

Goodwyn & Ross, of Bessemer, for appel-
lee.

GARDNER, J.    Only the fourth count of
the complaint was submitted to the jury,
and upon which judgment was rendered for
the plaintiff.    In this count it was alleged,
in substance, that, on November 27, 1917, de-
fendant was a public service corporation,
and as such was engaged in furnishing wa-
ter for a reward to the public generally in
the city of Bessemer, Ala., and was then
under a contract with the plaintiff whereby
the defendant, in consideration of the sum
of $2.50, which was duly paid by the plain-
tiff to the defendant, agreed and obligated
itself to furnish water to the plaintiff at his
residence, 315 Third avenue, in said city of
Bessemer, for a period of three months, from
October 1, 1917, to January 1, 1918.    It is
alleged that, although plaintiff had com-
plied with all the terms of his contract, the
defendant breached said contract in this,
that it did on November 27, 1917, wrong-
fully cut off the water from plaintiff's resi-
dence, which it was furnishing plaintiff un-
der said contract, and wrongfully failed for
a long time, to wit, ten days thereafter to
furnish water to plaintiff at his said resi-
dence, causing annoyance and inconvenience
as a proximate result of said wrong.

[1] It seems to be the insistence of coun-
sel for appellant (defendant) that the count
is insufficient, in that it did not set out in
sufficient detail all the elements of the con-
tract, and that it does not show that plain-
tiff's house was in the service zone of the
city.    In support of this contention we are
cited to the recent case of B. R., L. & P. Co.
v. Littleton, 77 South. 566.[1]   A reading of
that authority, however, discloses that the
fourth count here involved differs from the
complaint considered in the Littleton Case,
and we are of the opinion that the substance
of the count above set forth discloses with-
out further discussion its sufficiency as
against any objections here interposed. The
demurrer was therefore properly overruled.

[2] It is now well settled in cases of this
character that inconvenience and annoyance
of being deprived of water supply on the
premises form an item of recoverable dam-

⬗⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 201 Ala. 141.

ages in connection with the proof of pecuniary loss shown therein. Birmingham Water Wks. Co. v. Watley, 192 Ala. 520, 68 South. 330.

[3] The plaintiff in his testimony stated that he procured water from a well a block and a half from his residence during the eight days in which his water was disconnected, carrying the water in buckets twice a day. We think it was proper for the plaintiff to show how many buckets, or the number of trips he was required to make, and that defendant's objection to this testimony was not well taken, and properly overruled.

[4] So, also, we find that the testimony of the wife of the plaintiff in regard to what was said at the time the witness Griffin, an employé of the defendant, came to plaintiff's house, was by way of rebuttal of what said Griffin had testified, as appears on page 35 of the transcript. The objection to this evidence was properly overruled.

[5] The defendant requested some charges to the effect that the words used in the complaint, "wrongfully cut the water off," mean more than the mere cutting off of the water, but also that it was cut off in a "wrongful manner, unjustly, in a manner contrary to the moral law," and in support of these charges we are cited to the definition of the word "wrongful" as found in Webster's Dictionary and 8 Words and Phrases, p. 7548. We think, however, no discussion is required to demonstrate that these charges were properly refused as applied to cases of this character.

[6] The oral charge of the court appears in the record, as well as a large number of written charges given at the defendant's request. We need not treat in detail the remaining refused charges, or determine whether or not they are subject to criticism, as we find that what they contain is in substance embraced in the given charges as well also in the oral charge of the court.

[7] It is next strenuously insisted that a new trial should be awarded because the judgment was excessive. The plaintiff only sought compensatory damages, and, indeed, there was no proof whatever of any aggravated circumstances.

It is quite clear from this record that the cutting off of the plaintiff's water was the result of an honest mistake on the part of the defendant, in that the books did not show his water bill had been paid, and the stub receipt kept by the company had in some manner been misplaced, and, in fact, some of the employés of the defendant went to the plaintiff's house on two or three occasions to ascertain in regard to the payment of the bill, but plaintiff was absent from home, and his wife could give very little information. The water was supplied by one hydrant, which was on the back porch; there being no toilet attachment or bathroom. Plaintiff had to bring the water from a well, as previously stated, and this seems to be the greatest inconvenience and annoyance which he suffered. The defendant did not learn that the plaintiff had in fact paid his water bill and had a receipt therefor until immediately after this suit was brought; no communication to that effect having been given by the plaintiff to the defendant by telephone or otherwise. The verdict was for $350.

We are fully mindful of the rule governing appellate courts on questions of this character, as found quoted in Birmingham Water Wks. Co. v. Watley, supra, and that much deference is to be accorded the views of the trial judge, and that the power of this court, in such matters, should be exercised with the greatest caution. Courts, however, are organized that justice may be evenly administered, and we are of the opinion from an examination of this record this case comes within the rule calling for the exercise of this power by this court. Du Pont Powder Co. v. Hyde, 201 Ala. 207, 77 South. 733; Acts 1915, p. 610; Birmingham Water Wks. Co. v. Bailey, 5 Ala. App. 474, 59 South. 338.

We are of the opinion there is no other ground of reversal presented in this case than that the judgment of the lower court is excessive, and we have reached the conclusion that the sum of $200 is an ample and liberal allowance to award the plaintiff for damages proximately and actually caused by the wrong.

The judgment will therefore be reduced to that amount, under the power given this court by the statute above cited, subject to acceptance by the plaintiff within 30 days from this date. If such acceptance is not expressed by the plaintiff within the time and mode provided by law, the judgment will be reversed, and the cause remanded for another trial; otherwise the judgment will be affirmed as corrected. The appellee will be taxed with the costs of this appeal. St. L. & S. F. Ry. Co. v. Trice, 202 Ala. 352, 80 South. 434.

Reduction having been accepted by the plaintiff, the judgment as thus corrected is affirmed.

Corrected and Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.