(130 So. 224)

## ALABAMA POWER CO. v. JONES.

### 6 Div. 687.

Supreme Court of Alabama.

Oct. 9, 1930.

Martin, Thompson & McWhorter and Stanford E. Morse, all of Birmingham, and Arthur Fite, of Jasper, for appellant.

J. J. Curtis and J. M. Pennington, both of Jasper, for appellee.

GARDNER, J.

Plaintiff, a resident of Cordova, Ala., was a customer of defendant power company, using electric lights in her home. On the evening of July 1, 1929, at about 5:30 or 6 o'clock, her lights were cut off by defendant's local manager, M. J. Voight, and on the 16th following, this suit was brought to recover damages therefor, resulting in a verdict and judgment for $916.66, from which defendant prosecutes this appeal.

Plaintiff substituted kerosene lamps, and compensatory damages sought embraced the expense, inconvenience, and annoyance from the use of such lamps for a period of fifteen days, and the humiliation and embarrassment sustained by reason of the disconnection of her service.

Counts 2 and 4 charged wanton conduct, and the demurrers thereto were properly overruled under the authority of the recent case of Alabama Water Service Co. v. Harris (Ala. Sup.) 129 So. 5,[1] where analogous questions were considered. See, also, Alabama Water Co. v. Barnes, 203 Ala. 101, 82 So. 115.

It is next insisted defendant was due the affirmative charge as to these wanton counts. The evidence was in sharp conflict. Defendant's evidence tended to show plaintiff was in default in the payment of her bill, notice of which was duly mailed, followed by a call at her residence from the manager at Cordova, who, finding her absent, left a written notice at her door, and that the current was not cut off until another call in person, when plaintiff declined to pay $1 additional allowed under these circumstances by the rules of the Public Service Commission, insisting she would burn kerosene before she would pay the extra dollar.

On the other hand, plaintiff offered proof tending to show she was not in default, but had duly paid her bill, and had received no notice to the contrary, and so informed the manager when he called in person demanding an additional dollar, which she declined to pay, followed at once by the disconnection of her current.

If plaintiff's evidence is to be given credence, and the jury accepted her theory of the case, defendant's manager wrongfully demanded additional payment from her, with knowledge of the facts, and acted in disregard of her rights and the consequence to follow. This would constitute wantonness and justify punitive damages. Wilkinson v. Searcy, 76 Ala. 176; Sims v. Alabama Water Co., 205 Ala. 380, 87 So. 688, 28 A. L. R. 461. A jury question was presented as to these counts, and the affirmative charge properly refused.

It may be seriously questioned that what is said in brief as to assignments 13, 14, 15, and 20 rises to the dignity of an argument, but, this question aside, these charges were properly refused under the authority of Sims v. Alabama Water Co., supra, and Birmingham Water Works v. Keiley, 2 Ala. App. 639, 56 So. 838.

---

[1] Ante, p. 516.

576

■ The refusal of the trial court to grant a new trial upon the ground that the verdict was contrary to the great preponderance of the evidence is also assigned for error and earnestly argued in brief. The evidence has been carefully read and considered by the court in consultation. The question presented is one not free from difficulty, and we frankly confess doubt as to the proper course to pursue. But, as often found stated in our decisions, "the question is, not what this court might have ruled, sitting as a trial court, but can we say that the trial court, with superior and better opportunities for determining the question, erred in its ruling." Cox v. Birmingham Ry., Lt. & P. Co., 163 Ala. 170, 50 So. 975, 976.

Guided by the well-recognized rule by which such rulings of the trial court are here reviewed, the conclusion is reached that reversible error does not here appear.

■ Upon due consideration of all the evidence, however, we feel constrained to hold the verdict was so excessive as to call for the interposition of this court, though there was evidence sufficient for submission to the jury of the wanton counts. Brasfield v. Hood (Ala. Sup.) 128 So. 433;[2] Alabama Water Service Co. v. Harris (Ala. Sup.) 129 So. 5;[1] Veitch v. So. Rwy. Co., 220 Ala. 436, 126 So. 845; F. W. Woolworth Co. v. Erickson, ante, p. 5, 127 So. 534.

As the failure of the court to grant the new trial on account of the excessiveness of the verdict is the only reversible error disclosed by the record, this court, under the authority of section 6150, Code 1923, hereby reduces the verdict to the sum of $500, and, if plaintiff remits all amounts in excess of said sum by filing a remittitur with the clerk of this court within 30 days, the judgment of the circuit court will be affirmed; otherwise the judgment will be reversed, and the cause remanded.

Affirmed conditionally.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

