154 So. 562

## BIRMINGHAM GAS CO. v. McKINLEY.

### 6 Div. 536.

Supreme Court of Alabama.
March 29, 1934.

Rehearing Denied May 24, 1934.

Harsh, Harsh & Hare, of Birmingham, for appellee.

Bradley, Baldwin, All & White, of Birmingham, for appellant.

GARDNER, Justice.

Count B refers to and adopts the language of the first count (Mattingly v. Houston, 167 Ala. 167, 52 So. 78), and adds averments disclosing clearly the purpose to charge wantonness and a reliance only upon this single cause of action.

Adoption of the language of count 1 is properly to be construed as by way of inducement and a shorthand history of the case. The count does not attempt to join the

two causes of action, and was not subject to demurrer on that ground. Verner v. A. G. S. R. R. Co., 103 Ala. 574, 15 So. 872; B., R. L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361; Sloss-Sheffield S. & I. Co. v. Smith, 166 Ala. 437, 52 So. 38.

Plaintiff's supply of gas was cut off on the morning of February 18, 1932, and reconnected twenty-four hours later. At that time she was using gas for domestic purposes only, but had previously a house-heating account, having installed a furnace defendant had sold her. The bills for heating the house ran far in excess of the estimate when installed, and, upon plaintiff's insistence, the furnace was removed, credits given therefor, less cost of installation.

But defendant insists there was a large sum due for gas consumed in the house-heating account, and which was in default. Plaintiff was not in default as to her domestic gas, and the cause of the cut-off rests upon the house-heating past-due account. This last account was placed on defendant's books on the "suspense ledger," and for some time not carried, after the removal of the furnace, on the "active file." In August, 1931, this latter file seems to have disclosed a balance due plaintiff of $34.53. She called at the office, and was assured that "put her in the clear," and was actually paid this sum in the nature of a refund. Afterwards she was sent an account for the house-heating account, and defendant explained the mistake by the transfer to the "suspense ledger" after the furnace was removed.

Plaintiff's evidence tended to show she was uncertain whether in fact she was due anything at all, but, if so, the amount was uncertain, and in October, 1931, wrote a letter to defendant pointing out errors in the account rendered and credits which should be allowed. Her testimony is further to the effect that she called at the office, talked to those in charge of the matter, and had some understanding that upon proper ascertainment and adjustment of the amount found due, if any, on the house-heating account, she would be allowed to pay the same as she became able; and there is evidence tending to show many discrepancies in plaintiff's account and uncertainty as to the exact amount due. After her letter of October, she heard nothing further, though statements would be mailed to her showing the house-heating account.

■But the jury was authorized to find from her evidence that she had been given by defendant to understand that the house-heating account was in "suspense" and to be adjusted, and when adjusted she would be given time to pay, and when the gas was cut off there had been no adjustment or further effort to that end.

At the time the gas was cut off, plaintiff called the office and remonstrated, but defendant declined to cancel the order for the disconnection.

Under the circumstances above outlined, the jury was justified in finding the disconnection was wrongful. Sims v. Ala. Water Co., 205 Ala. 378, 87 So. 688, 28 A. L. R. 461.

■ Defendant insists that any agreement on its part for extension of time for payment was unenforceable as without a consideration, citing 13 C. J. p. 352; Johnson v. Sellers, 33 Ala. 265; Black v. Slocumb Mule Co., 8 Ala. App. 440, 62 So. 308; Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751.

Many of our cases touching the matter of consideration are reviewed in Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981.

But we are not here concerned with the principle involved in those authorities, as plaintiff's proof tends to show there was no revocation of the agreement made and no effort made to revoke it. Clearly, therefore, if the agreement was still existing, defendant would not be authorized to make the disconnection in violation thereof, without some notice to the plaintiff that such was its purpose. Plaintiff could not be thus led into the continued use of domestic gas in reliance upon defendant's promise and assurance of an adjustment and time to pay, if anything found due on the other account, and then, without warning, have such agreement revoked and the gas disconnected. A contrary conclusion would run counter to a sense of justice and fair play.

This was the view entertained by the trial judge. He had stated, however, to the jury, in his oral charge, that any agreement she need not pay until she was able was without consideration.

■ The charge, given for plaintiff, the subject of the second assignment of error, merely takes note of this instruction to the jury, and by way of explanation states the substance of our conclusion, as above set forth. Though plaintiff may in fact have been in default as to the house-heating account, under her version of the facts it was not such a default as would justify the disconnection of the gas. This is the plain intent of the charge, and we find no error in this action of the court.

■ Defendant's refused charge, which forms the basis of the third assignment of error, is properly to be construed as having reference to a situation where the customer admits a definite part of the amount claimed, and not some undefined and uncertain sum. Mobile Electric Co. v. Nelson, 209 Ala. 554, 96 So. 713. So interpreted, the charge was abstract, as there is no proof of any admission by plaintiff of any definite or certain amount due. She says in fact: "I haven't the vaguest idea of what I owe the company for house heating gas consumed, if anything. I don't know that I owe them something."

■■ Upon the question of excessiveness of the verdict, defendant cites Alabama Power Co. v. Jones, 221 Ala. 573, 130 So. 224; Alabama Water Co. v. Barnes, 203 Ala. 101, 82 So. 115; Birmingham Water Works Co. v. Bailey, 5 Ala. App. 474, 59 So. 338; Alabama Water Service v. Harris, 221 Ala. 516, 129 So. 5.

Each case must, however, be determined upon its own peculiar facts.

Upon due consideration of the record in this case by the court in consultation, we feel constrained to hold the verdict was so excessive as to call for interposition here, though a wanton count was involved. Under the authority, therefore, of section 6150, Code of 1923, the verdict is hereby reduced to the sum of $400, and, if plaintiff remits all amounts in excess of said sum by filing a remittitur with the clerk of this court within thirty days, the judgment of the court below will be affirmed; otherwise it will be reversed and the cause remanded.

Affirmed conditionally.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.