187 So. 491

### EVERS–JORDAN FURNITURE CO. v. HARTZOG.

#### 4 Div. 77.

Supreme Court of Alabama.

March 16, 1939.

Sollie & Sollie, of Ozark, for appellee.

J. E. Acker, of Ozark and E. O. Baldwin, of Andalusia, for appellant.

GARDNER, Justice.

The action is in trespass to realty, with judgment for plaintiff.

Plaintiff occupied as a tenant a three-room house in the country, in which was a bedstead and springs purchased by him from defendant on the installment plan of weekly payments of one dollar and at times smaller sums. The purchase price of this personalty was sixteen dollars, and there remained due about one dollar and twenty-five cents at the time of the alleged trespass, as to which plaintiff was in default.

Defendant's theory was that the title was not to pass until the full sum was paid. This plaintiff denies, and no written contract was introduced.

Plaintiff's evidence tended to show that in the afternoon of the day he and his family were absent from home, the servants and agents of defendant entered the

house and removed the bedstead and springs—entrance being obtained by breaking the wire with which the front door had been fastened. There was no denial by defendant of the entrance, but its evidence tended to show the door was partly open, and no wire fastening was broken. No damage was done to the house or the personalty therein, though there was some dirt on the floor, and the bed covering and mattress thrown on another bed. The repossessed bedstead was sold. Within three days following this alleged trespass, plaintiff brought this suit.

Defendant offered another bedstead and a return of the springs upon payment of the $1.25, so states plaintiff, and upon their refusal, offered them as a gift, which was likewise refused.

■ Unlawful force forms the essential element of the trespass, and though defendant's theory of the case as to the retention of the title be accepted, yet this would not justify unlawful force in the repossession of the property. This question was fully considered in Cox v. Stuart, 229 Ala. 409, 157 So. 460, and in Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 160 So. 247, and needs no further elaboration here.

■ Plaintiff's proof made out such a case of unlawful force, and the cause was properly presented for the jury's consideration.

■ Proof as to the muddy condition of the ground around the premises was admissible in connection with the testimony as to the dirt on the floor.

■ As explanatory of the absence of plaintiff and his family from the residence that day, plaintiff showed he was away at work, and that his wife was sick and went to the home of his father. In permitting this proof, we find no error to reverse.

■ The bedstead and springs were worth eight dollars, which may be said to cover the actual loss. But under plaintiff's theory of the case, the unlawful force used in the repossession of the property was such as to justify the imposition of punitive damages.

That the servants and agents of defendant were acting in the line and scope of their employment is not here questioned. Trognitz v. Fry, 215 Ala. 609, 112 So. 156.

Proof offered by plaintiff tends to show they entered his home unlawfully and with force, and removed his property. The law guards with jealous care the sacredness of every man's dwelling, and his lawful possession of property against invasion or disturbance, otherwise than by proceedings taken under the sanction and through the agency of public justice. Burgess v. Katz, 10 La.App. 355, 120 So. 526.

Defendant's agents are presumed to have known the law, and so presuming, must be held to the knowledge of the fact that the unlawful force used to enter the house and remove this property violated the rights of the plaintiff as a citizen in the sacredness of his premises against any such invasion. Perhaps from a practical standpoint they may have intended to inflict no actual wrong. Nevertheless they did intend to repossess the property, and in so doing acted with utter disregard of plaintiff's rights.

■ Malice in law is not necessarily personal hate or ill will, but it is that state of mind which is reckless of law and of the legal rights of the citizen. Lienkauf & Strauss v. Morris, 66 Ala. 406; Birmingham Water Co. v. Keiley, 2 Ala.App. 629, 56 So. 838.

■ Plaintiff made out a clear case for punitive damages, and the charges requested by defendant limited any recovery to nominal damages only, and were properly refused. Birmingham Gas Co. v. McKinley, 228 Ala. 596, 154 So. 562; Cox v. Stuart, supra; Rhodes-Carroll v. Webb, supra; Snedecor v. Pope, 143 Ala. 275, 39 So. 318; Lienkauf & Strauss v. Morris, supra; Birmingham Water Co. v. Keiley, supra. And under the rule by which we are here governed (Cobb v. Malone, 92 Ala. 630, 9 So. 738) we find no justification for a disturbance of the trial court's ruling in denying the motion for a new trial.

■ The most serious question is that ground of the motion, here strenuously argued, that the judgment is excessive. As to this question each case must be determined upon its own peculiar facts. We are here dealing in large part with punitive damages. 17 Corpus Juris 968. Our decisions disclose that a jury may render an excessive verdict without any conscious violation of duty on their part, as by being unconsciously swayed by sympathy or sentiment, which are not the proper

foundations upon which a verdict should rest. Such was the holding of this Court in Veitch v. Southern R. Co., 220 Ala. 436, 126 So. 845; American Surety Co. v. O'-Hara, 232 Ala. 616, 169 So. 229; Jackson v. Roddy, 224 Ala. 132, 139 So. 354.

The evidence has been carefully considered by the Court in consultation, and we are impressed that under all the circumstances the verdict is excessive. Under the authority of section 6150, Code 1923, the verdict is hereby reduced to the sum of $250, and if plaintiff remits all amount in excess of said sum by filing a remittitur with the Clerk of this Court within thirty days, the judgment of the court below will stand affirmed, otherwise it will be reversed and the cause remanded.

Affirmed conditionally.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.