37 So.2d 685
### WALKER v. INGRAM.
7 Div. 985.

Supreme Court of Alabama.

Dec. 2, 1948.

L. B. Rainey, of Gadsden, opposed.

LAWSON, Justice.

Supreme Court Rule 44 as amended, Rules of Practice in Supreme Court, Code 1940, Tit. 7, Appendix (248 Ala. VII), provides in part as follows: "The application for certiorari, or writ of error, must be accompanied by a brief pointing out and arguing the point or decision sought to be revised * * *". Under this rule this court treats only those questions considered in the opinion of the Court of Appeals which are treated in brief filed with the application for certiorari. Bradford v. Harris, ante, p. 386, 37 So.2d 677.

Petitioner insists that the Court of Appeals erred in not reversing the judgment of the trial court because of that court's action in permitting the introduction of evidence relating to the humiliation and nervous disorder suffered by plaintiff's wife. But the Court of Appeals in its opinion says that the assignment of error relating to this ruling was not insisted upon in brief of counsel for appellant filed in that court and applied the rule that in civil cases assignments of error not properly argued in brief are waived. Counsel for petitioner admit that the assignment of error (no. 7) was not argued in brief but insist that assignment of error no. 8 in effect raised the same point. But the Court of Appeals did not treat assignment of error no. 8. Questions not treated or considered by the Court of Appeals do not come within the pur-

Roberts & Cunningham and Geo. C. Hawkins, all of Gadsden, for petitioner.

view of our review of the decisions of that court. Hardy v. First National Bank, 219 Ala. 435, 122 So. 702.

Petitioner next insists in brief that the Court of Appeals erred in holding that under the evidence punitive damages were recoverable. It is settled in this jurisdiction that when a trespass is committed to either person or property under circumstances of aggravation, exemplary damages may be awarded by the jury. Ex parte Birmingham Realty Co., 183 Ala. 444, 63 So. 67; Rhodes v. McWilson, 192 Ala. 675, 69 So. 69; Evers-Jordan Furniture Co. v. Hartzog, 237 Ala. 407, 187 So. 491; B. F. Goodrich Co. et al. v. Hughes, 239 Ala. 373, 194 So. 842. The Court of Appeals, without setting out all the evidence bearing on the manner in which the trespass was committed, held that under the evidence "this element of damage was properly submitted to the jury." Petitioner insists in his brief that the evidence did not show that the trespass, if any, was committed under circumstances of aggravation. But it has been uniformly held that this court will not review the evidence as set out in the record to determine for ourselves what the facts of the case really are, but will accept and act upon the findings of the facts as made by the Court of Appeals. Metropolitan Life Ins. Co. v. Magouirk, 243 Ala. 626, 11 So.2d 466. On the question here under consideration the Court of Appeals has properly applied the law to the facts as found by it.

In Dawsey v. Newton, 244 Ala. 661, 15 So.2d 271, 273, it was said: "When a trespass to property is committed under circumstances of insult or contumely, mental suffering may be compensated for, when it is a proximate consequence." We think the evidence as outlined by the Court of Appeals, together with the finding by that court that the trespass was committed under aggravated circumstances, is in effect a finding that it was committed under circumstances of insult or contumely. Therefore, that court did not err in holding that plaintiff's mental suffering was a proper element of damage.

Writ denied.

BROWN, FOSTER, and STAKELY, JJ., concur.