## WILLIAM H. SHIRAS v. C. T. EWING.

1. WATER COMPANY—*Reasonable Rules.* A water company may make reasonable rules for the government of its customers in the use of its water supply, and enforce such rules by shutting off the customer's supply of water as a penalty for violation thereof, when such rules are embodied in its contract with its customers, or such contract is made subject to the rules, and the customer is furnished with a copy thereof, the courts reserving the right to say, in any particular case, whether or not the rules are reasonable.

2. ———— *Enforcement.* In such cases the company will not be put to an action for damages for infractions or violations of its rules, but may enforce them as above indicated.

*Error from Franklin District Court.*

THE opinion states the case.

*W. Littlefield,* for plaintiff in error.

*J. W. Deford,* for defendant in error.

Opinion by STRANG, C.: Action for damages. The plaintiff, who was also plaintiff below, a resident of the city of Ottawa, in this state, contracted with the Cherryvale Water & Manufacturing Company for a supply of water for the purpose of sprinkling his lawn, the use of the water to be regulated by the rules and regulations of the water company. The defendant, C. T. Ewing, the assignee and successor of the water company, by his agent, the manager of said water company, for the alleged violation of the rules and regulations of said company by the plaintiff, Mr. Shiras, in the use of the

water supplied him by said company, shut off his supply of water for the period of about two months from August 10, 1887. The plaintiff alleges that the defendant unlawfully shut off his supply of water, and that because of the withdrawal thereof a number of his shade-trees died, and the grass on his lawn also died out. For these he claimed damages. The case was tried by the court and a jury, resulting in a verdict and judgment for the defendant. Motion for new trial was heard and overruled.

The contention of the plaintiff is, that the court misconstrued the contract between the parties. Plaintiff claims that because he had paid the contract price for the water in advance, and for the period of time during which it was shut off, the defendant had no right to shut off the water during said period, even though the plaintiff had violated the rules of the company for the regulation of the use of the water supply; that the doctrine of independent covenants applies, and the plaintiff, having complied with the principal covenant of the contract, was entitled to have the contract enforced as to the supply of water, leaving the defendant to his remedy by action for damages for any violation of the rules of the company in the use of the water supply.

We do not think the doctrine of independent covenants applies to the contract between the parties in this case in the sense in which it is sought to be applied by the plaintiff. The plant of the water company was constructed to supply the city of Ottawa and the inhabitants thereof with water. It necessarily has a large number of patrons. We do not think it reasonable or practicable to hold that for all the violations of the use, by its patrons, of the water supplied under its contracts therewith, the company shall be put to an action for damages. To so hold would be to deprive the company of any remedy, and leave it subject to the whim of each individual patron, so far as the use of the water supply is concerned, since it would be wholly impracticable for the company to bring an action for damages whenever the rules, or any of them which are a part of the contract, were violated by its

patrons.  It follows, therefore, that the company must be permitted to make reasonable rules for the government of its customers in the use of its water supply, and enforce such rules by shutting off the customer's water, as a penalty for violation thereof, whenever the contract with its customer is made subject to such rules, the courts reserving the right to say in any particular case whether the rules are, or are not, reasonable.

The company in this case made rules for the regulation of the use of the water supplied by it to its patrons.  The contract of the plaintiff with the company was made subject thereto, and the plaintiff was furnished with a copy of such rules before the violation thereof complained of, and for which his water was shut off, occurred.  The evidence tends to prove that the plaintiff violated them.  The jury found against him, and in so finding determined that he did violate them.  The court found that the rules of the company were reasonable.  We do not desire to say whether as a whole they are reasonable or not.  The evidence strongly tends to show that the plaintiff's washer, whence he got his supply of water, was left open all night, and the water was left to run to waste. We think the jury found that it was left to run to waste.  The company presented the plaintiff a bill for the water so wasted. He refused to pay it.  The bill, which was first $3, was afterwards reduced to $1.50, and still he refused to pay it. His refusal was not based upon the idea that the bill was too high, because he said he would not pay anything for the water so wasted.  It is true he claimed it had not been let to run to waste by himself, nor by his permission.  But, under the evidence as to the negligent and careless use of the water by the plaintiff, it was not difficult for the jury to believe that the washer was left open by the negligence of himself or his family.  Under the instructions of the court upon that question, and a general verdict for the defendant, it is undoubtedly true that the jury so found.  A rule of the company against the unnecessary and useless waste of the water supply is certainly reasonable.

This is all we hold in this case.    This requires this court
to affirm the judgment of the district court herein, and we
therefore so recommend.

By the Court: It is so ordered.

All the Justices concurring.