CASE 34.—ACTION BY E. F. RATTERMAN AGAINST THE
CITY OF COVINGTON AND OTHERS, INVOLVING
THE PLAINTIFF'S LIABILITY TO THE CITY FOR
WATER RENTS OF A FORMER OWNER OF HIS
PROPERTY.—March 10.

# City of Covington, &c. v. Ratterman

M. L. Harbeson, Circuit Judge.

Judgment for plaintiff.   Defendant appeals.—Affirmed.

Waters—Public Water Supply—Rents—Liability.—A purchaser of
a building, the former tenants of which were owing for
water rents, of which he had no knowledge, is not liable for
the payment of such rents due the city under Hall's Ordi-
nances of the City of Covington, section 1063, providing that
for failure to pay the rents water may be turned off until rents
are paid, since it is a claim against the occupant, and not
the property.

F. J. HANLON for appellant.

The only question in this case is,—whether the city of Cov-
ington can be compelled to turn on water, or rather, whether it
can be compelled to supply water to the appellee and his property
located in the city of Covington, there being back water-rent due
by prior owners, to the City of Covington for water used in
and upon said premises.

The petition alleges these facts,—that the appellee is the owner
of certain property in the city of Covington; that at the time he
purchased the property in controversy, there was due and unpaid
the city of Covington the sum of $49.75 for water consumed by
the persons occupying said property, and that the defendant,
City, refuses to allow water to plaintiff unless he pays said de-
linquent water bills due against said property.

The demurrer admits the allegations of the petition to be true
for the purposes of this discussion.

A. J. SIMRALL for appellee.

### CLASSIFICATION.

All contracts for the use of water made with the city of Covington or such cities as may be supplying water through the municipality, are purely individual contracts.

The city cannot refuse an innocent purchaser water for the reason that there are unpaid water bills against the property purchased, from a previous owner or occupant.

An ordinance granting the city the right to turn off water for nonpayment after fifteen days' notice is reasonable, but the city cannot ignore this right and allow water bills to accumulate and on that account refuse water to a subsequent purchaser.

### AUTHORITIES CITED.

Cox v. Cynthiana, 29 Ky. Law Rep., 780; Hall's Ordinances—Covington, 1063.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellee, E. F. Ratterman, a resident citizen and taxpayer of the city of Covington, purchased of the Trumpet Milling Company a lot and three-story brick building, situated on Fifth and Craig streets, in that city, and received of the vendor a deed conveying him the property with covenant of general warranty. The city of Covington owns a complete waterworks system from which residents of the city are furnished water at a charge or rental authorized by ordinance and certain rules and regulations of the board of water commissioners, and at the time of the sale and conveyance of the lot to appellee by the Trumpet Milling Company there was due the city of Covington from that company or former tenants of the premises $49.75 for water furnished by the city and consumed by it or them. This indebtedness was not known to appellee when the property was sold and conveyed him. After its conveyance to him, he applied to the city of Cov-

vol. 128—22

ington and its board of water commissioners for a permit to use the water in and for the building on the lot in question as used by other consumers of water, and at the same time tendered to the board of water commissioners in advance the amount of money necessary to pay the water rent for the period covered by the requested permit, but they peremptorily refused to accept the money tendered them by appellee, or to grant him permission to use the water in his building for the time requested, or at all, unless he would first pay the $49.75 water rent owing by the delinquent former tenants of the vendor. This appellee refused to do, and immediately thereafter brought this action in the Kenton circuit court against the city of Covington and its board of water commissioners to compel it and them to grant him for the time requested, and for which he offered to pay, the use of the water for his building, which would be and is useless without water supplied from the waterworks system of the city. The foregoing facts were properly set forth by the petition and a mandatory injunction prayed to enforce appellee's right to the use of the water as claimed. The petition also made the Trumpet Milling Company, appellee's vendor, a defendant, and asked judgment against it for the $49.75 due the city of Covington from it or its former tenants, if the circuit court should adjudge that appellee would have to pay that sum to the city in order to obtain water for his own use; it being alleged in the petition that, if appellee should sustain a loss on that account, he would be entitled to recover such loss against his vendor, as for a breach of the warranty contained in the deed of the latter to him. Appellant, city of Covington, and its board of water commissioners, filed a general demurrer to the petition, which the circuit court over-

ruled, and, as appellants refused to plead further and elected to stand upon the demurrer, that court, by the judgment rendered, declared appellee entitled to the use of water for the time demanded, without regard to the water rents due appellants from his vendor or tenants of the property while owned by his vendor, and granted the mandatory injunction requiring appellants to furnish water for the use of his building on Fifth and Craig streets in the city of Covington for the period requested by him upon such terms and conditions as are customary under the rules and regulations of the board of water commissioners. Appellants complain of the judgment; hence this appeal.

The only question presented by the appeal is whether appellee, in order to obtain water from the city of Covington for use in his building in that city, should be compelled to pay water rents owing the city by his vendor or former occupants of the building for water furnished them for use therein before the property was purchased by and conveyed to appellee. Covington is a city of the second class, and section 3141, Ky. Stats., 1903, applicable to cities of that class, provides: "In such cities of the second class as own a waterworks system, there shall be a board to be styled 'Commissioners of Waterworks.' * * * Said commissioners shall control and manage the waterworks and water system of the city, subject to such regulations and limitations as the general council may by ordinance provide. * * *" The attempted exercise of authority on the part of the board of waterworks commissioners of which appellee complained was asserted under and by virtue of section 1063, "Hall's Ordinances of the City of Covington," which provides: "All water rents on the assessment plan are due

and payable at the waterworks office, semi-annually in advance, from the 1st to 15th of April and October of each year. In case the same is not paid when due, the water will be turned off until all back rents are paid and one dollar for turning the water off and on. All water rents by meter measure shall be collected quarterly in advance, viz.: January, April, July and October, of each year. Upon failure to pay the same, after fifteen days from date of notice water will be turned off and one dollar penalty added.'' Appellee's application was for the use of water by meter measure. As the facts stated in the petition are confessed by the demurrer, it is admitted by appellants that the water rent in arrears accrued while the building on which it is claimed was owned by appellee's vendor; that it is an indebtedness of the vendor or its tenants, former occupants of the building; that appellee's application for water was in due form; and that he tendered payment in advance of the water rent in conformity to the provisions of the ordinance supra.

It is contended by appellants that the rule adopted by the water commissioners, viz., that, whenever there is a delinquent water bill against any property, the water will not again be turned on for the use of such property, even though the title shall have been conveyed to an innocent purchaser or possession of the property taken by a new tenant until the water rent in arrears and owing by the former owner or tenant shall have been paid, is permitted by the ordinance in question, and that it is a reasonable rule necessary to the maintenance of the city's waterworks system. In other words, it is asserted that the water rent is a debt or demand against the building to which the water was furnished, for which reason a change of ownership or in the possession of the property can not inter-

fere with the right of the water commissioners to refuse further use of water to the building until all past due water rents, no matter by whom owing, are paid. We think the foregoing contention is based upon an erroneous hypothesis. It assumes that the "building" in which water was furnished appellee's vendor or his tenants owes or is liable for the water rent in controversy. As a matter of law and of fact, this is not true. The building could not contract for the water. It was contracted for and used by the former owner or occupants of the building. Liability for the water rent, therefore, rests upon the person or persons to whom the water was furnished, and does not attach to the building or lot; indeed, such liability could not attach to or be placed upon the building or lot without express authority derived from some legislative enactment, which has not been shown to exist and is not claimed in this case.

The claim for water rent asserted by appellants is not on the footing of a lien for street or alley construction, which attaches to the realty bordering on the street or alley constructed. In such case the lien is expressly given by statute, and by the same authority may be enforced by a sale of the realty for such part of the cost of the street or alley improvement as may be apportioned to it. This is allowed because of the enhanced value given such property by the construction of the street or alley. But, in the absence of statutory authority to that effect, no such lien can be asserted by a city or its board of water commissioners against a lot or building whose owner or occupant fails to pay water rent, and, even if statutory authority were not wanting, ordinance 1063 gives no such lien. If the contention of appellants is sound, it would necessarily follow that every delinquent water bill

would become an unrecorded lien upon property where the water was used from the time it should have been paid, and, in the event of a sale of the property, the purchaser, however ignorant of such lien, could be compelled to pay the water rent in arrears. We can not give our assent to such a doctrine, as it is not consonant with reason or fair dealing. The ordinance in question confers upon the city the power to turn off the water if not paid for when the water rent is due, and, when once shut off, to refuse to turn it on until the water rent in arrears shall have been paid, but this power must be exercised against the delinquent person or persons to whom the water was furnished and the credit therefor extended, and can not be employed against an innocent purchaser of property owed or occupied by such delinquent when the debt to the city for water was created. The purchaser of real estate takes title subject to all recorded liens against it, and also subject to any unrecorded valid liens of which he may receive notice before the purchase; but in this case no lien existed upon the property appellee purchased for water rent due the city. Its claim here asserted is owing by the former owner or occupants of the property, and no duty rested upon appellee before purchasing it or accepting the deed thereto to ascertain by inquiry at the office of the water commissioners or elsewhere whether or not his vendor or any occupant of the premises was owing the city water rents.

For the foregoing reasons, we are clearly of opinion that appellant city of Covington had no legal right to claim of appellee or as against the property in question the water rent in arrears, or to refuse to furnish him water for the use thereof according to the city's rules and regulations, because of his failure to pay it.

It is manifest that the city's failure to collect the water rent from the persons owing it was due to the negligence of its water commissioners, for they had the right to demand and compel its payment in advance of the furnishing of the water. Having failed to avail itself of this sure means of protection afforded by its ordinance, the city can not now secure itself against loss by forcing appellee to pay the water rent in controversy. The case of Cox v. Cynthiana, 123 Ky. 363, 96 S. W. 456, 29 Ky. Law Rep. 780, cited by counsel, does not sustain appellant's contention. The question considered in that case was as to the validity of section 15 of the ordinance of the city of Cynthiana, which provides: "Sec. 15. When the water shall be supplied to one or more parties through a single tap, the bill of the whole supply furnished through such tap will be made to the owner of the estate. In case of non-payment, the water shall be shut off, notwithstanding one or more parties may have paid their proportion to such owner, or to any other person." The ordinance was properly held valid by this court, and its provisions declared reasonable. Manifestly neither the ordinance nor the opinion construing it has any bearing upon the question involved in the case before us.

The conclusions of the circuit court being in accord with those herein expressed, the judgment is affirmed.