Statement of the Case.
MONROE, J.
Plaintiffs, an alleged incorporated association of taxpayers, complains as follows: That in 1899 the taxpayers of New Orleans petitioned for the levy of a special tax of 2 mills per annum, for 43 years, for the following purposes: (1) The acquisition, in the name of the city, by construction, purchase, or both, of a system of waterworks, the extension of the same throughout the city, including the Eifth district, and the purification of the water; (2) the construction throughout the city, inclusive of the Fifth district, of a free sewerage system, with free water therefor, the title whereof shall be in the city; that the petition. prayed the city council to order an election thereon, and to obtain constitutional and *842 legislative authority for the purposes therein specified; that the council ordered that a special election be held, as provided by article 232 of the Constitution and Act 131 of 1S98, for the submission to the property taxpayers, entitled to vote thereat, the proposition to levy the tax mentioned in the petition, on the terms and conditions therein stated, and that the election was held and the tax voted; that the council thereupon, by Ordinance No. 15391, C. S., levied the tax, in accordance with said petition, and that the Legislature, in special session, passed act No. 6 of 1899, the preamble of which recited the terms and conditions upon which said tax had been levied, as set forth in said petition, and proposed a constitutional amendment, which was adopted, ratifying said ordinance — from all of which, there resulted a contract between the city and the taxpayers, which under the Constitution of the United ¡States is inviolable:
That under said contract they (the taxpayers) are entitled to a “free sewerage system with free water therefor,” which means the water which is used—
“by the taxpayers in the various receptacles in their houses, used for cleansing purposes, and this includes domestic water; that all the water which is discharged in the sewers is sewerage water and is free to the taxpayers; that a free sewerage system, with free water therefor, could not be operated if only the closet water was to be connected with the sewers, for want of sufficient flushing water.”
That the Legislature of 1908, by Act 270, authorized the Sewerage & Water Board to charge for domestic water, and that said board has exercised the authority so conferred, by the adoption of appropriate ordinances, and that the obligations of the contract above set forth are thereby impaired.
There are other allegations setting up alleged equities, charging the Sewerage & Water Board with designs on the cisterns, and averring further grounds of unconstitutionality in the acts and ordinances mentioned, after which the petitioners pray for citation of the Sewerage & Water Board and for judgment, decreeing Act 270 of 1908 and the ordinance of the Sewerage & Water Board to be unconstitutional, and further decreeing petitioners to be entitled to—
“free sewerage water, which includes domestic water, and that the Sewerage & Water Board be enjoined from taking down the cisterns of petitioner,” etc.
Defendant filed certain exceptions, and plaintiff (the alleged corporation) retired and left the individuals, whose names are given, in its stead, and defendant then pleaded the general issue.
Opinion.
The petition of the property taxpayers, praying for the levy of the tax, specifies the purposes to which it shall be devoted (as alleged in the petition herein filed), one of said purposes being:
“(2) To the construction throughout the city, inclusive of the Fifth district, of a free seioerage system, with free water therefor, the title whereof shall be in the city.” (Italics by the court.)
Act 270 of 1908, § 1, provides:
“That, whenever the public water plant of the city of New Orleans, now in process of construction by the Sewerage & Water Board, shall have been completed and put into operation, the said board shall have power, and it shall be its duty, by proper ordinances and regulations to be adopted by it, to require all inhabited premises in the city of New Orleans to be connected with the mains of said system, and to take therefrom at least such water supply as shall be used on said premises for drinking ánd domestic purposes, exclusive of sewerage, at rates to be fixed, in virtue of the powers heretofore vested in said board.”
Under the rules adopted by the board free water is allowed to the extent of about 11 gallons a day (1000 gallons per quarter), to “each permanent occupant in a private residence, hotel, or boarding house, * * * for flushing closets,” and the uncontradicted testimony shows the allowance to be a liberal one. There is no complaint, and no cause *844 of complaint, that the sewers are not free; and it will be seen from the foregoing that Act 270 of 1908, and the rules of the board, provide for the “free water,” for the “free seweragé system,” for which the taxpayers stipulated in their petition. Plaintiffs’ contention is that all water which eventually finds its way into the sewers is the “free water” contemplated by said petition, but that contention is unsupported by the language of the petition, which stipulates, in effect, only that such water as may be required and used for the purposes of the sewerage system shall be free, whereas water used for other purposes, such as drinking, cooking, bathing, laundering, watering, sprinkling, etc., and which goes into the free sewers only after those purposes have been served, and as a means of disposing of it, is no more required or used for the purposes of the sewerage system than is the excrementa, or other foul matter for the disposition of which that system is established.
It appears to be conceded that the Sewerage & Water Board has no present intention of disturbing the cisterns, and plaintiffs' complaint on that subject has not been adverted to in the argument. The trial court did not err in rejecting plaintiffs’ demands, and the judgment appealed from is affirmed, at plaintiffs’ cost.