THE MIAMI GAS COMPANY, A CORPORATION, *Appellant*, v. L. T. HIGHLEYMAN, FRANK H. WHARTON, AND E. L. BRADY, *Appellees*.

### Opinion filed April 23, 1919.

1. An unlawful interpretation of the service rendered by a gas company under a contract with the municipality, may be an. irreparable injury to consumers, which equity may remedy by appropiate injunction, at the suit of resident consumers for whose benefit the service contract is made.

2. Where gas is furnished consumers pursuant to a contract made by a gas company with the municipality, the company may be enjoined from discontinuing the service if rates in excess of the contract rates are not paid. If changed conditions cause the contract rate to be unremunerative to the gas company, the courts may not for that reason decline to enforce the rights of consumers under the contract.

An Appeal from the Circuit Court for Dade County; H· Pierre Branning, Judge.

Order affirmed.

*Shutts, Smith & Bowen* for Appellant.

*Hudson, Wolfe & Cason,* for Appellees.

WHITFIELD, J.—In a bill of complaint against the Miami Gas Company brought by L. T. Highleyman, Frank

H. Wharton and E. L. Brady "suing in their own behalf and in behalf of all others in like situation and of like interest," it is alleged that each complainant is a resident and citizen of Miami, a municipal corporation; that the gas company is engaged in the manufacture, sale and delivery of gas to customers residing within said city, by virtue of a franchise granted by ordinance of the city, the terms of which said City of Miami did give and grant its consent, permission and authority to the said Miami Gas Company, its successors and assigns, to lay not less than four miles of pipes, conductors and conduits in, through, along and under the public streets, alleys, highways, squares and public grounds in the City of Miami, and to do and perform all things necessary for or incident to the construction, operation and maintenance of gas works for the purpose of conducting gas in, through and along said pipes, conductors and conduits for the purpose of supplying the inhabitants of said city with gas for heat, light, fuel and power purposes; that it was specifically provided in and by the said ordinance that the Miami Gas Company shall not charge to private consumers of its gas in the said City of Miami, more than $1.50 for one thousand cubic feet of gas, and the said provision is one of the conditions upon which the said ordinance was accepted, adopted and approved by the City of Miami and is one of the considerations for the acceptance, adoption and approval of the said ordinance; that said ordinance constitutes a contract between the said City of Miami and the said Miami Gas Company, the terms of which are binding upon the said City of Miami and the defendant, the Miami Gas Company; that the said Miami Gas Company accepted the said ordinance and has operated and done business under and by virtue thereof for more than ten years last past and is now operating and doing business within the City

of Miami under and by virtue of the provisions of said ordinance; that each of the complainants above named is a consumer of gas and is being supplied with gas by the said Miami Gas Company and each of the said consumers has paid for all gas furnished to him by the said Miami Gas Company, and is not in default in the payment of any bill rendered to him by the said company for gas supplied; that the company has heretofore charged and collected for ª gas furnished to private consumers within the City of Miami at the rate of $1.50 per one thousand cubic feet of gas furnished; that the company has given ontice that it will, after November 1, 1917, charge and collect for gas to be furnished for private consumers within the City of Miami, the sum of $1.50 per one thousand cubic feet of gas furnished and the further sum of fifty cents per month to be paid by each customer as a meter charge; that said company has heretofore for more than ten years last past, used meters for the measurement of gas supplied to all consumers within the City of Miami, and has never heretofore charged, or attempted to charge, any additional sum as a meter charge; that it is a rule of the said Miami Gas Company and its custom, to discontinue service and delivery of gas to every consumer who fails to pay its bills for gas supplied, within fifteen days after the rendition of such bills; that by the notice hereinbefore mentioned, said Miami Gas Company has evidenced its purpose to discontinue service and to refuse to further supply or deliver gas to any consumer who fails and refuses to pay its charges to be hereafter imposed in the amount of $1.50 per one thousand cubic feet of gas to be furnished and the further charge of fifty cents per month to each consumer for a meter charge; that by the imposition of the said additional charge and by its refusal to supply and deliver gas unless such charges are paid, the said Mi-

ami Gas Company will inflict upon each of these complainants an irreparable injury, for which these complainants have no adequate remedy at law."

Relief by injunction was prayed.

A demurrer to the bill of complaint was overruled.

By answer the defendant gas company avers "that it has given notice that on and after November 1st, 1917, it will charge to each present and future consumer of gas within the City of Miami, as hereinafter · limited, the monthly sum of fifty cents for rental, repairs, inspection and care of its meters and appliances, but denies that said charge does in any way increase the price of gas per thousand cubic feet, above the contract price; admits that it will refuse to furnish gas to any present or future consumers, as hereinafter limited, who refuse to pay the rental charge mentiontd in the 8th paragraph of this answer, but denies that it is a further charge on gas consumed or that it directly or indirectly increases the price of gas consumed, above the contract price."

The answer also sets up facts designed to show that because of the greatly advanced prices of labor and material the stated charge for meter rentals is a proper one to avoid financial ruin to the defendant.

An injuntcion was granted and the gas company appealed and assigns error on the overruling of the demurrer to the bill of complaint and the granting of the injunction as prayed.

The contract with the city was made for the benefit of its residents, including complainants, and they are proper parties to enforce their rights thereunder, being the real parties in interest. See page 3 on Contracts, Sec.

1318; 12 R. C. L. 894; see also Section 1365 Gen. Stats. 1906, Compiled Laws, 1914; Woodbury v. Tampa Water Works Co., 57 Fla. 243, 49 South. Rep. 556; Mugge v. Tampa Water Warks Co., 52 Fla. 371, 42 South. Rep. 81.

It is clear from the allegations in the bill of complaint that the remedy at law, if any, is inadequate.   An unlawful interruption of the service would cause irreparable in-injury to consumers.   See Gainesville Gas & Electric Power Co. v. City of Gainesville, 63 Fla. 425, 58 South. Rep. 785; Pensacola & Georgia R. Co. v. Spratt, 12 Fla. 26.

The bill of complaint and the answer show a breach of the franchise contract by the defendant gas company.   It is manifest that the contract contemplated the furnishing of the meter service as part of the undertaking to furnish gas to consumers and that the contact charge for gas covered the meter service, the privilege of rendering the service being a franchise carrying exclusive rights. If the changed conditions cause the coutract to work a hardship on the defendant, the courts may not for that reason decline to enforce the rights of parties under the contract voluntarily entered into by the defendant.   See Columbus Ry. &c. Co. v. City of Columbus, 249 U. S. 399, 39 Sup. Ct. Rep. 349; Muscatine L. Co. v. City of Muscatine, 256 Fed. 929.

Order affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.