144 So. 241

## LAND DEVELOPMENT CO. OF LOUISIANA, Limited, v. SEWERAGE AND WATER BOARD.

### No. 30771.

June 20, 1932.

On Rehearing Oct. 31, 1932.

Theo. Cotonio, Jr., and Theo. Cotonio, both of New Orleans, for appellant.

Gus A. Llambias, of New Orleans, for appellee.

### BRUNOT, J.

This is a suit to enjoin the sewerage and water board of the city of New Orleans from cutting off the supply of water served by the defendant to premises owned by the plaintiff when the charge therefor had not been paid.

The substance of the lengthy prayer of the petition is that the defendant be enjoined and restrained from, at any time, shutting off or discontinuing the supply of water to the plaintiffs' properties under any pretense whatsoever.

It is alleged in the petition that defendant has fixed certain arbitrary charges, without lawful warrant, which it claims the right to collect; that plaintiff is entitled to have water supplied to its premises for sewerage purposes free of charge; that all charges for the service of water to plaintiffs' premises are assessed against the properties served regardless of the waste of water by its tenants; and, for the foregoing and other alleged reasons, which it is not necessary to specify,

the defendant has caused damage to petitioner in a sum exceeding $2,000.

The petition was excepted to as not disclosing a right or cause of action. After a hearing, the exceptions were maintained, the rule to show cause why an injunction should not issue was discharged, the preliminary injunction prayed for was denied, and the suit was dismissed. The appeal is from that judgment.

The defendant sewerage and water board was created by Act No. 6 of the Extra Session of 1899. Twenty-four sections of this act, including section 21, were amended by Act No. 111 of 1902. Section 21, as amended, so far as its provisions are pertinent to this case, is as follows:

"Be it further enacted, etc., That the said Board shall have power to fix the rates to be charged private consumers of water and to collect the same from all persons who use water, (except for sewerage purposes only), from the public water supply of the City of New Orleans. * * * These charges shall be based, as far as possible, on the actual amount of water consumed, shall be equal and uniform for each grade or class of customers, and shall be framed so as to cover only the actual cost of maintenance and operation of the said public water system, inclusive of interest and sinking funds of any assumed mortgage bonds on said property, and of the furnishing of the public and private supplies. Said Board shall have further power to make reasonable rules and regulations for the use and consumption by such pay customers, and by such free customers of the water supply furnished them," etc.

The rate-making power of the sewerage and water board is limited by the proviso of section 23 of article 14 of the Constitution of 1921, which fixes the maximum charge for water at the rates in force on November 1, 1913, unless otherwise authorized by the Legislature.

Section 4 of Act No. 270 of 1908 is as follows:

"Be it further enacted, etc., That the owners of all premises shall be primarily liable for all water rates assessed against such premises for water used for all purposes, except sewerage; and the rates assessed against each premise for water used shall be a lien thereon for three years, equal in rank to the lien of taxes, to take effect against third persons on the recording of past due bills in the Mortgage Office," etc.

Whether or not the shutting off of the water supply because of the nonpayment of the charge for the service is a reasonable regulation is a question which has not heretofore been presented to this court, but in other jurisdictions it has been uniformly held that, where the power is conferred upon the board to fix rates and collect charges for serving premises with water, and with making needful rules and regulations with respect to the exercise of said powers, the shutting off of the water because of the nonpayment of charges for the service, was a reasonable regulation. This is the ruling in Tacoma Hotel Co. v. Tacoma L. & W. Co., 3 Wash. 316, 28 P. 516, 14 L. R. A. 669, 28 Am. St. Rep. 35; American Water Works Co. v. State, 46 Neb. 194, 64 N. W. 711, 30 L. R. A. 447, 50 Am. St. Rep. 610; Shiras v. Ewing, 48 Kan. 170, 29 P. 320; People v. Manhattan Gas

Light Co., 45 Barb. (N. Y.) 136; Harrisburg's Appeal, 107 Pa. 102.

The charge for serving premises, in the city of New Orleans, with water is a lien upon the property so served. Section 4, Act No. 270 of 1908. In Brumm v. Pottsville Water Co. (Pa.) 9 Sad. 483, 12 A. 855, 11 Cent. Rep. 792, the court held:

"But the supply of water may be cut off for arrearages due by the previous owner where the charter of the water company provides that real estate to which the water is supplied shall be bound and liable for the use of it."

In New Orleans Taxpayers' Protective Ass'n v. Sewerage & Water Board, 132 La. 839, 61 So. 843, this court held that under the rules adopted by the board the allowance of free water for sewerage purposes was not merely a reasonable but a liberal allowance.

For the reasons stated, we find that the trial judge properly sustained the defendant's exceptions of no right and no cause of action, and the judgment appealed from is therefore affirmed at appellant's cost.

### On Rehearing.

ODOM, J.

In our original opinion, we mentioned Act No. 270 of 1908 and quoted section 4 thereof. In his application for rehearing, counsel for plaintiff called our attention to the case of State v. Billhartz, 146 La. 855, 84 So. 120, 123, where it was held that said act was "incompetent legislation" and void. Our attention was not called to this case until the application for rehearing was made, and we overlooked it. We granted a rehearing, not

because we concluded that our original decree, which affirmed the judgment of the lower court, was incorrect, but in order that we might make it clear that our conclusion was not based on the provisions of that act. The provisions of that act are not pertinent to the issue involved. Our reference to it was purely incidental.

Further consideration of the issue here involved has strengthened our view that the judgment of the lower court sustaining the exception of no cause of action is correct.

Plaintiff's petition is long and much involved, but the substance of its complaint is that the sewerage and water board, which holds a franchise for supplying water to the inhabitants of New Orleans, has cut off the water supply from its premises or is about to do so because the water bills due by tenants have not been paid, and it prays for an injunction,

"Restraining and prohibiting said Sewerage & Water Board from at any time shutting off or discontinuing the supply of water in petitioner's properties under any pretense or pretext whatever."

As we pointed out in our original opinion, the sewerage and water board of New Orleans has power and authority, under the law which created it, to make reasonable rules and regulations for the use and consumption of water by pay customers. Under this specially conferred authority, the board has established a rule, which applies to all pay customers or consumers of water, to the effect that, if the water bills are not paid as required, the water supply will be cut off and service discontinued.

Plaintiff objects to the enforcement of this rule, and asks that the board be restrained from doing so, or, what amounts to the same thing, it asks that the board be restrained from shutting off the water supply "in petitioner's properties."

The board having express authority to make and enforce such rules and regulations with regard to the use of water as are reasonable, it follows that the only question here presented is whether the rule above referred to is reasonable and not inconsistent with the duty which the board owes to the inhabitants of the city.

We hold unqualifiedly that such rule is reasonable and may be enforced. The board is under no obligation to furnish water free of charge to the inhabitants of the city, except for sewerage purposes. It must either collect for the water it supplies or cease to operate. It cannot exist without revenues, and its only revenues are derived from the sale of water. If a customer of the board refuses to pay for water, it has a perfect, legal right to refuse him further service, and this for the patent reason that it is under no obligation to furnish him water free of cost. Under no theory can it be said that the board must extend credit to its customers and take chances on collecting the accumulated sums. Such a policy would, in all probability, bankrupt the board. The board refuses to furnish water to those who will not pay; it cuts the water off when the customer refuses to pay his bills. This it has the legal right to do.

We quote the following from a case note found in 28 A. L. R. 472: "It is universally conceded by the courts that either a municipality or a private concern supplying water to the public may prescribe and enforce a rule or regulation which provides for shutting off the water supply from a consumer who has defaulted in payment for the same; at least, where there is no dispute as to the amount owing or the justness of the charge, and the water was not furnished for some other place or person, or for a separate and distinct transaction from that for which a right to a continuance of the supply is claimed."

Such is the holding of the courts of England and the courts of at least twenty of our states, the cases being cited in this note.

Counsel contends that the board has no right to cut off the water supply from his client's premises merely because the tenants refuse to pay. The answer is that there is no way of cutting off the water from the tenant without cutting it off from the premises.

It is alleged that the board has demanded that the property owner pay the tenant's bills or guarantee their payment, and further that it has threatened to enforce the payment against the property, and the court is asked to restrain the board from doing so.

Courts cannot restrain one person from making a demand upon another. When and if the board seeks to enforce such demands or to subject plaintiff's property to the payment of such bills, plaintiff may then set up and urge all such legal defenses as it has.

Our former decree is correct, and is reinstated and made the final judgment of the court.

ST. PAUL, J., takes no part.