Samuel Coult and Leah Coult, his wife, residents of the City of Philadelphia, Pennsylvania, and the Gulf Distilling Corporation of Delaware, as the owners and lessee respectively of an alcohol plant in the City of Gretna, brought this suit against the Mayor and the Board of Aldermen of the City of Gretna and William E. Strehle, Superintendent of Waterworks of the City of Gretna, and their agents, officers and employees, etc., for an injunction to restrain them "from cutting off the water supply to petitioners' plant". Petitioners allege that Mr. and Mrs. Coult acquired the plant by purchase on November 7th, 1941, and leased it on the same day and that the lessee is, at the present time, actively engaged in the manufacture of alcohol from molasses for use in connection with the war effort of the United States Government; that the plant went into operation in December, 1941, or January, 1942; that it requires considerable city water in connection with its operation; that the City of Gretna on the first day of June, 1942, billed the distillery for water for each of the months of December, 1941, January, February, March, April and May, 1942, at the rate of $240.49 per month, which amounts are alleged to be purely arbitrary and not the result of any meter reading or accurate measurement, and while the plaintiffs *Page 426 
acknowledge that due to defective meters more water was consumed in the months for which the alleged arbitrary charges were made than it was billed for by the City or paid for, nevertheless, they do not owe the amount claimed, and while they have no intention, or desire, to evade the payment of any proper amount which may be found to be due the City of Gretna, they are not willing to pay the exorbitant charges demanded; that the distilling company was notified by the City of Gretna that its water supply would be cut off at one o'clock Wednesday, August 19th, 1942, unless the sums demanded were paid. Petitioners further allege that to be deprived of the water would work an irreparable injury since it would necessitate the closing down of the plant, the throwing out of employment of a considerable number of men and cause a cessation of the manufacture of alcohol for war purposes for the United States Government.
A temporary restraining order and subsequently, after a hearing, a preliminary injunction was issued restraining the City of Gretna from cutting off its water supply. An application was made to the district court for a suspensive appeal which was denied and, on application to this Court by certiorari, the action of the lower court in refusing the suspensive appeal was sustained. The case is here on a devolutive appeal.
Exceptions of misjoinder of parties plaintiff and defendant and of no cause or right of action were filed below and overruled. The misjoinder of parties plaintiff is said to result from the joinder of Mr. and Mrs. Coult, the owners of the plant operated by the Gulf Distilling Corporation as lessee. A provision of the contract of lease is pointed to which specifically provides that the water required in the operation of the distillery shall be furnished at the expense of the lessee, but the fact that the lessor was not required to furnish water is not the sole consideration because, if the water was not supplied the plant could not operate and since a part of the monthly rental is based upon the number of wine gallons of alcohol produced in the plant the owners would suffer. It seems to us that the Coults have an interest in the litigation and that, therefore, the exception of misjoinder of parties plaintiff is without merit.
As to the misjoinder of parties defendant this exception was but feebly supported in argument or in brief in this Court and it appears to us as all but waived by counsel. As near as we can make out, it is levelled at the fact that the Sewerage and Water Board alone and not in conjunction with the City of Gretna should have been sued. However, the Sewerage and Water Board is not a legal entity. It was created by the City Council of Gretna and is composed of two members of the Board of Aldermen, together with the City Superintendent, and operates under the general direction of the City of Gretna. It is apparent that this exception is also without merit.
As to the exceptions of no cause and of no right of action, they may be considered to have been abandoned, since they were not argued and are not briefed. We see no merit in them.
The hearing below took a wide range, but as was clearly recognized by the learned judge, a quo, the sole question before the Court was whether the plaintiffs were entitled to an injunction and not the question of any sum of money due the City of Gretna for water which had not been metered.
The following statement of the law as expressed in American Jurisprudence, Vol. 28, Par. 87, p. 281, cited by counsel, is controlling of the issues presented:
"While a public service corporation has a right to cut off a consumer's supply of water, gas, or electricity for nonpayment of the bill or rent therefor, it may not discontinue the service unjustly and without legal right. Any attempt to do so may be prevented by injunction, where there is no adequate legal remedy. Thus, equity will in a proper case restrain the company from shutting off the supply of a consumer to coerce payment of an unjust or disputed bill, for to suddenly shut off the consumer's supply in order to compel payment of an unjust or disputed bill is not only a violation of the consumer's legal rights, but will subject him to serious injury; and such injury as he would sustain before he could be compensated in an action at law even against a solvent corporation is sufficient to furnish the equity for an application for injunctive relief."
See, also, Sims v. Alabama Water Co., 205 Ala. 378, 87 So. 688, 28 A.L.R. 461; Bienville Water Supply Company v. Mobile, 112 Ala. 260, 20 So. 742, 33 L.R.A. 59, 57 Am.St.Rep. 28; Miami Gas Co. v. *Page 427 
Highleyman, 77 Fla. 523, 81 So. 775; Carter v. Suburban Water Company, 131 Md. 91, 101 A. 771, L.R.A.1918A, 764; City of Mansfield v. Humphreys Mfg. Co., 82 Ohio St. 216, 92 N.E. 233, 31 L.R.A., N.S., 301, 19 Ann.Cas. 842; Mackin v. Portland Gas Company, 38 Or. 120, 61 P. 134, 62 P. 20, 49 L.R.A. 596.
Opposing counsel, however, insists that the plaintiffs were guilty of fraud and invokes the familiar principles of equity to the effect that one who seeks equity must do equity and that one who comes into a court of equity must come with clean hands. These equitable principles are beyond cavil or controversy and, if applicable here, would deny plaintiffs the protection of a court of equity.
The facts as developed upon the trial of the rule nisi are substantially as follows:
Mr. and Mrs. Samuel Coult bought an old alcohol plant in the City of Gretna and leased it on the same day to the Gulf Distilling Corporation. The Gulf Distilling Corporation began operations sometime in December, 1941, or January, 1942, when they manufactured between seven and ten thousand gallons of alcohol per day. About six months later it reached a production of twenty thousand gallons per day. They received raw materials from Cuba and other places, which were transported to Gretna by steamships. On several occasions these molasses tankers, after discharging their cargoes, requested water for drinking and other purposes, and the Gulf Distilling Company, as they frankly admit, supplied them with water from the water mains of the City of Gretna. In the first few months of operation, due to the fact that the meters were not registering, the water bills charged by the City of Gretna were as follows:
December, 1941 $1.00 January, 1942 1.00 February 1.86 March 2.81 April 23.23
In the latter part of April new meters were installed and the next three bills were for the following amounts:
May $240.49 June 91.15 July 88.81
All of these bills with the exception of the May bill were paid and even this bill does not seem to be disputed.
The contention arose over the efforts of the City of Gretna to apply the May bill as a criterion for the previous five months, the position of the distilling company being that while the meter may have carefully reflected the consumption of water in May, it is not a fair criterion of the other months because, it was in May that it supplied several molasses tankers with the aggregate amount of six hundred tons of water. It is submitted that the months of June and July, when the plant reached peak production, would present fairer figures.
Counsel contends that the small bills which the distilling company received for the earlier months of its operation should have excited the suspicion of the officers of the distillery and that it must have known that it was diverting water, "stealing" it from the Sewerage and Water Board and that, therefore, it was guilty of deliberate fraud in not protesting against the minimum charges. However, in explanation Mr. Robinson, the manager of the plant, who had recently come to this section of the country from Pennsylvania, stated that he was accustomed to have the water bills paid on a "stand-by" basis, which is explained in plaintiffs' brief as a system by which "at stated intervals they receive a stand-by rate, and at other intervals, the difference is made up".
Viewing the evidence as a whole, we do not find any justification for the charges of fraud and deliberate chicanery, illegal diversion, unclean hands, etc., levelled at the plaintiffs and we believe that the proposed action of the City of Gretna, if unrestrained, would cause the plaintiffs irreparable injury, whereas the injunction can cause no harm to the City. The distillery is apparently quite solvent and an injunction bond with presumably solvent surety has been given. Whatever water the distilling company may have secured without proper payment can be made the subject of demand in appropriate action and upon proof being submitted recovery can be had. Defendants' counsel contends that it is a hardship to compel the City to prove its claim, since the Gulf Distilling Company should be required to disprove the bills presented by the City by evidence of their erroneous character. We do not think so. The City which claims the amounts due, which are honestly disputed, is obliged to prove the correctness of its charges and the distilling company is entitled *Page 428 
to its day in court. To permit the City to cut off the water supply of one of its customers on every occasion that there is a dispute concerning its charge for water would result in the denial of the right to have the question of the amount due subject to judicial determination without irreparable loss and damage.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed. *Page 555