REGAN, Judge.
The plaintiff, Joseph A. La Nasa, Jr., filed this suit against the defendant, the Sewerage and Water Board of New Orleans endeavoring to obtain a mandatory injunction ordering the defendant to restore water service to property owned by him or to the tenants who are the present occupants thereof.
Pursuant to the plaintiff’s request, the trial court ordered the defendant to show cause why a preliminary writ of injunction should not be issued.
From a judgment of the lower court dismissing the foregoing rule, the plaintiff has prosecuted this appeal.
The record reveals that the plaintiff is the owner of a piece of commercial property designated by the municipal numbers 2600-02 Spain Street, in the city of New Orleans.
On August 1, 1963, the plaintiff leased the above property to Jesse Taylor. It is undisputed that Taylor applied to the defendant for water, and that the defendant complied therewith in conformity with Taylor’s request. All charges for water consumed were billed to Taylor during the course of his occupancy of the building and the plaintiff had no contact whatsoever with the defendant with respect to service to this property.
In August, 1964, Taylor defaulted on his lease and vacated the premises without notice to the plaintiff. Thereafter, the defendant addressed a bill to “J. Taylor” for water consumed for the period beginning July 10, 1964, and ending October 7, 1964, in the amount of $28.56.
*623 On November 25, 1964, the plaintiff executed a lease of the same property to Milton Pierce and Mary Pierce for a period of one year from January 1, 1965, to December 31, 1965. On December a23, Mrs. Pierce applied to the defendant for water service, but her application was refused because of Taylor’s, a former tenant’s, unpaid water bill. Finally, on January 5, 1965, the defendant removed its water meter from the plaintiff’s property, and thus discontinued service thereto.
The principal question which this case has posed for our consideration is one of law, and that is whether the defendant, the Sewerage and Water Board, possesses the legal right to refuse water service to the plaintiff, the owner of the property, or to his tenants until either of them pays the balance of a delinquent bill incurred by a former tenant.
At the inception of this opinion, we emphasize that no contractual relationship existed between the plaintiff and the defendant during the course of Taylor’s occupancy of the premises. On the contrary, the evidence reveals that the first notice of a delinquent bill, dated January 8, 1965, was not addressed to the plaintiff, but was sent to Taylor. Thus, it is evident that the defendant did not possess any knowledge of the plaintiff’s ownership of the property; therefore, it cannot now assert that it contracted with the plaintiff for water service to his property. The record also discloses that no contractual relationship existed between the defendant and the plaintiff’s present tenants, Milton and Mary Pierce.
In view of these facts, it is clear that the plaintiff may not be held responsible for the payment of water service contracted with one of his former tenants unless the furnishing of this service establishes a burden or obligation upon the property itself. The only statute which endeavored to create such a burden was Act 270 of 1908, which provided that “the owners of all premises shall be primarily liable for all water rates assessed against such premises” and that all water rate assessments shall create a lien on the property for three years. However, this act was declared unconstitutional by the Supreme Court in the case of State v. Billhartz.[1]
Counsel for the defendant argues that it would be highly impractical to administer a city-wide water service if property owners may not be held liable for water charges incurred by their tenants. If we should approve of the conclusion resulting from this argument, it would have the effect of creating a judicial or equitable lien or privilege upon the property, in violation of the clear and uniform rule prevailing' in this state that liens and privileges can only be created by statute.[2]
In view of the fact that there exists such a paucity of legal authority in support of its position, the defendant relies on the rule making power granted to it by the legislature pursuant to R.S. 33:4082. This statute authorizes the Board to make reasonable rules and regulations for the use and consumption of water. In conformity with this grant of rule making power, the Board enacted the following rule, designated as Article I, Paragraph 8 of its “Water Rates and Regulations”:
“(8) The Board shall not be bound by any agreement between the landlord and tenant with reference to payment of water bills; nor shall it be concerned- with the question of whether the water was consumed by the landlord or by the tenant. In that connection, the Board reserves the right to cut off the water supply when the bill is not paid in due course, or it may pursue such claims against the party or par *624 ties legally responsible therefor, or it may exercise both rights.”
Counsel relies on this rule in support of the Board’s contention that it possesses the power to withhold water service to a residence or business establishment until the present owner or the present tenant pays a delinquent bill incurred by a former tenant with whom it dealt exclusively. Our interpretation of the above provision discloses that it applies in situations where a landlord, who has contracted with the Water Board, defaults on his agreement with the tenant to pay the 'water bill for him, and in those situations where the tenant has contracted with the Water Board and the water was in fact consumed by the landlord. In each of these relatively common circumstances the Board’s regulation appears to grant it authority to shut off water service to the premises.
However, assuming arguendo that the Board’s interpretation of the above rule is in fact correct, it is unreasonable, arbitrary, and outside the scope of R.S. 33 :4082, which1 granted the Board its rule making power. In the case of New Orleans Gas Light and Banking Company v. Paulding,[3] the Supreme Court expressed the opinion that an action similar to that which occurred in this case was unreasonable. In the Paulding case, the plaintiff, a public utility company which possessed the exclusive franchise to provide natural gas to the residents of the city of New Orleans, refused to supply the owner of the premises with gas until he liquidated an unpaid bill contracted by a former owner -of the building. The owner promised to pay the bill in order to obtain gas service, but then defaulted on his promise after the gas was turned on. The gas company sued therefor, but the court concluded that the company’s action was unreasonable and refused to enforce the owner’s promise to pay. The court reasoned that it was illegal for a company having the exclusive right to provide a service to the public to coerce a customer by refusing such ser-vice unless he agreed to pay .the debt of a prior owner of the building even though he had no legal obligation to do so.
Rationale of a similar nature has emanated from innumerable appellate courts whose respective states possessed no lien statute to invalidate the action of water companies who endeavored to coerce present owners to pay the water bills of prior owners or tenants under the penalty of refusal of water service.[4] In Burke v. City of Water Valley,[5] the court pointed out that water is a necessity, without which the occupancy of a residence would be impractical. The court further emphasized that the water must be obtained from a water company, and to compel a man to pay another’s debt in order to obtain it is a result which should not be reached. The court relied on the rationale emanating from the Paulding case as authority for its conclusion.
Finally, the defendant contends that the case of Land Development Company of Louisiana v. Sewerage and Water Board[6] constitutes authority in this case for the defendant to shut off the water supply for non-payment of water bills. While it is true that the court was of the opinion that the Board’s rule authorizing it to shut off water service was a reasonable one .because of the non-payment of charges therefor, even a cursory reading of that case reveals that the facts therein presented to the court were materially different from the facts hereof. In the Land Development case water service was cut off from the tenant who owed the bill and who still occupied the premises. Under these circumstances it is obviously not unreasonable for the defendant to refuse to supply water to a person *625 who fails or refuses to pay for the water he himself consumes. This fact situation is quite different from one where á water board refuses to supply water service to an owner or tenant until he pays a bill incurred by a former tenant for water which the former tenant consumed.
The defendant finally contends that without its coercive power of shutting off the water supply, it would be unable to collect the water bills of many of its customers to the detriment of both the Board and the city of New Orleans.
The simple answer to this contention is contained in the defendant’s “Water Rates and Regulations”, Section (7) which provides :
“The Sewerage and Water Board shall require a deposit to guarantee the payment of water bills where the conditions so justify.”
To reiterate merely for the purpose of emphasis, we are of the opinion that the Sewerage and Water Board does not possess the right to refuse water service to the owner of a building or his tenants until either of them pay an outstanding bill for water consumed by a former tenant with whom the board contracted directly. We would conclude otherwise if the plaintiff had previously contracted with the Board for the furnishing of water service to its former tenant, Taylor. When no such contractual relationship exists with the owner prior to the furnishing of services, the Board cannot force him to pay for the water consumed by a defaulting tenant.
For the foregoing reasons, the judgment of the lower court is reversed, and judgment is hereby rendered in favor' of the plaintiff and against the defendant Sewerage and Water Board of New Orleans granting the plaintiff a preliminary writ of injunction, restraining and enjoining the defendant, its agents, employees, and all other persons, firms,, or corporations acting or claiming to act in its behalf from cutting off the water supply to the plaintiff’s property located in 2600-02 Spain Street, New Orleans, Louisiana, because of the nonpayment of the delinquent water bill outstanding in the name of J. Taylor.
In addition thereto, this matter is remanded to the district court for such additional proceedings as the nature of the case may ultimately require.
All costs hereof are to be paid by the defendant.
Reversed and remanded.

. 146 La. 855, 84 So. 120 (1919).

. Burn Planting Co. v. Goldman Landing Co., 163 La. 720, 112 So. 662 (1927); Jesse F. Heard & Sons v. Southwest Steel Products, La.App., 124 So.2d 211. (1960).

. 12 Rob. 378 (1845).

. See Covington v. Ratterman, 128 Ky. 336, 108 S.W. 297, 17 L.R.A.,N.S., 923 (1908), in which the court struck down a city ordinance identical to the defendant’s regulation in this case.

. 87 Miss. 732,40 So. 820 (1906).

. 175 La. 669, 144. So. 241 (1932).