Dear Mayor Goldsby:
We are in receipt of your request for an Attorney General's opinion concerning liens placed on property owners when tenants fail to pay water bills owed to the town. In other words, you are seeking an opinion on the constitutionality of those provisions of the Town of Amite City Code of Ordinances regarding water rates.
The first question to be answered is whether the city is authorized by state statute to enact such an ordinance. "In Louisiana, no person is entitled to a lien unless specially granted the same by the provision of the statutes of this State . . .". Jessee F. Heard Sons v. Southwest Steel Products,124 So.2d 211 (La.App. 1960); see also, Burn Planting Co. v.Goldman Landing Co., 112 So. 662 (1927), and McQuillin Mun. Corp.
§ 35.35d (3d Ed) ("a municipality may not impose a lien upon property for delinquent service charges in the absence of express authority to do so.").
LSA-R.S. 33:3822 authorizes the governing authority of a municipality to establish, acquire, construct, improve, extend and maintain a waterworks system with full power and authority to levy and collect local or special assessments on the property or
to establish water rates for the sale of water. The only authorization for imposing a lien on the property is when a local or special assessment is levied, as provided for in R.S. 33:3827. However, we find no authority for a lien to be placed on property with regard to water rates and/or service.
Section 7-1018(g) provides:
 Charges for water shall be a lien upon the premises. If the consumer of water whose bill is unpaid is not the owner of the premises, and the town clerk has notice of this, then notice of the delinquent account shall be mailed to the owner of the premises, if his address is known to the clerk, whenever a bill remains unpaid for a period of forty-five (45) days after it has been rendered. The owner of the premises shall then be responsible for the delinquent account.
A case arising out of Atlanta, Georgia, Chatham v. Jackson,613 F.2d 73 (5th Cir. 1980), involved the question of whether a city could terminate water service to a landlord when the tenant's bills were delinquent, or in more general terms, it involved the question of where a city may constitutionally place the risk of nonpayment of its water bills. A state statute and city ordinance authorized the water charge and lien on the property for a delinquent account. Chatham held that the imposition of a lien and termination of water services to the property owner until the charges were paid, constituted a collection scheme that bore a substantial relation to the city's important and valid objectives of dispensing benefits to property only upon payment of proper compensation, so as to remain financially sound.
The Town of Amite's ordinance places the risk of nonpayment on the owner of the premises, when the owner is known, for a tenant's unpaid bill. Since we were unable to find any authority by state statute for the placing of a lien on the property owner for a delinquent account by a tenant, we are of the opinion that Section 7-1018(g) of the Town of Amite City Code of Ordinances would not withstand a constitutional challenge if challenged.
We are also concerned with Section 7-1018(f), which provides:
 The water supply may be shut off from any premises for which the water bill remains unpaid for a period of fifteen (15) days after the bill is rendered and mailed. When shut off, water shall not be turned on except upon the payment of the fee specified in section 7-1011(b).
Section 7-1011(b) provides a $25 fee during office hours ($50 at other times) before reconnection where water has been cut off or disconnected for nonpayment of a bill.
With regard to the shut off of water supply, the legislature has authorized local governmental units to establish joint billing for water and sewerage, and to provide that the failure to pay for either service may lead to the termination of the water supply. LSA-R.S. 33:4169. However, it is unclear whether this section of the town's ordinance would in fact prevent a new tenant from contracting for water service unless the new tenant paid the reconnection fee, and/or whether water would be shut off where a bill was contested and the consumer had no opportunity to resolve the matter prior to shut off.
In La Nasa v. Sewerage Water Board of New Orleans,184 So.2d 622, 625 (La.App. 4 Cir. 1966), the court held that a "[S]ewerage and Water Board does not possess the right to refuse water service to the owner of a building or his tenants until either of them pay an outstanding bill for water consumed by a former tenant with whom the board contracted directly." On the other hand, our Supreme Court has held that water cut off from the tenant who owed the bill and still occupied the premises was not unreasonable, where the tenant fails or refuses to pay for the water he consumes. Land Development Company of Louisiana v.Sewerage and Water Board, 144 So. 241 (La. 1932).
In the case of Coult v. Mayor and Board of Aldermen, City ofGretna, 11 So.2d 424 (La.App. Orleans 1943), the court found the following statement of law as expressed in American Jurisprudence, Vol. 28, Par. 87, p. 281 controlling:
 `While a public service corporation has a right to cut off a consumer's supply of water, gas, or electricity for nonpayment of the bill or rent therefor, it may not discontinue the service unjustly and without legal right. Any attempt to do so may be prevented by injunction, where there is no adequate legal remedy. Thus, equity will in a proper case restrain the company from shutting off the supply of a consumer to coerce payment of an unjust or disputed bill, for to suddenly shut off the consumer's supply in order to compel payment of an unjust or disputed bill is not only a violation of the consumer's legal rights, but will subject him to serious injury; and such injury as he would sustain before he could be compensated in an action at law even against a solvent corporation is sufficient to furnish the equity for an application for injunctive relief.' Id. at 426.
Section 7-1018(f) is very broad language that does not provide clearly whether due process is afforded to the consumer prior to shut off of the water supply. For these reasons, and those discussed by the court decisions above, we also are of the opinion that Section 7-1018(f) may not withstand a constitutional challenge if challenged.
If we can be of further assistance in this matter, including possibly resolving the constitutional reservations that we have expressed herein, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW:bb
DATE REC'D: 01/23/98
DATE RELEASED:
RICHARD WILLIAMSASSISTANT ATTORNEY GENERAL